UNITED STATES of America, Plaintiff-Appellee,

v.

Yolanda VALENZUELA–VERDIGO, Defendant-Appellant.

No. 87–5514

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 30, 1987.

Frank Ragen, San Diego, Cal., and Mark Stevens, San Antonio, Tex., for defendant-appellant.

Richard L. Durbin, Jr., Asst. U.S. Atty., and Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge,
GARWOOD and HILL, Circuit Judges.

GARWOOD, Circuit Judge:

Appellant Yolanda Valenzuela-Verdigo (Valenzuela) brings this appeal challenging her pre-trial detention without bail under 18 U.S.C. § 3142. On September 4, 1986, a grand jury in the United States District Court for the Western District of Texas, San Antonio Division, returned to that court an indictment charging Valenzuela in two counts with having conspired, in the Western District of Texas, to possess heroin and cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) & 846. Valenzuela was arrested on this indictment in the Western District of Kansas on September 5, 1986. A pre-trial detention hearing was ultimately held before the United States Magistrate for the Western District of Texas, San Antonio Division, on September 23, 1986. The magistrate concluded that no set of conditions would reasonably assure Valenzuela's appearance if she were released, and ordered that she be held without bond pending trial. On Valenzuela's appeal of this order to the district court, the court, after *de novo* review, affirmed the detention order, also concluding that no set of conditions would reasonably assure Valenzuela's appearance at trial. Valenzuela appeals, challenging both the merits of the detention order and the timeliness of the detention proceedings. We reject her contentions, and affirm.

*1. Merits*

An accused may be detained pending trial, if, after a hearing, the judicial officer determines that it is more likely than not "that no condition or combination of conditions will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(e). Further, if the judicial officer finds that "there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," then "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of" the accused. *Id.* Heroin is a Schedule I Controlled Substance, and cocaine is a Schedule II Controlled Substance, 21 U.S.C. §§ 812(c)(b)(10) & (c)(a)(4), and each of the offenses for which Valenzuela was indicted carried a maximum term of imprisonment of at least fifteen years, 21 U.S.C. §§ 841(b)(1)(A) & (B). Valenzuela's indictment for these offenses established the predicate facts for the above-mentioned presumption under section 3142(e). *United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir.1987). While the referenced presumption of section 3142(e) is subject to rebuttal, and if rebutted does not shift the burden of persuasion, it nevertheless remains in the case as a factor to be considered by the judicial officer. *See United States v. Fortna*, 769 F.2d 243, 251 (5th Cir.1985).

While it is doubtful that there was any rebuttal of the mentioned presumption, nevertheless the record of the detention hearing reflects, in addition to Valenzuela's indictment, several other circumstances supportive of the determinations below that it was more likely than not that no

condition or combination of conditions would reasonably assure Valenzuela's appearance. Valenzuela is a Mexican citizen with relatives still in Mexico. Her husband, also a Mexican citizen, is serving a life sentence for a continuing criminal enterprise conviction under 21 U.S.C. § 848, and she has been moving from prison site to prison site to be near him. They were married in 1984. Nearly all her financial support comes from her husband's family in Mexico. She is not employed in the United States and owns no property in the United States; she does have a certificate of deposit in Mexico. Apart from her husband's incarceration in this country, Valenzuela apparently has no family ties here. There are no children of her marriage with her husband; she does have a twelve-year-old son, but this child is not the son of her present husband and is apparently not a United States citizen. While she sometimes cares for her husband's United States citizen children from a prior marriage, these children generally reside with their mother. There was evidence that Valenzuela had traveled on several occasions to Mexico, and maintained relatively frequent telephone communication and some correspondence with various parts of Mexico and South America. A search of her residence revealed several passports and other identification documents bearing photographs resembling Valenzuela but with other names. She admitted to a government agent that she used these documents to gain illegal entry into the United States because she previously had been denied entry under her own name.

Our scope of review of a detention order is limited, and the order is to be sustained if it is supported by the proceedings below. *Fortna*, 769 F.2d at 250; *United States v. Cantu-Salinas*, 789 F.2d 1145 (5th Cir. 1986). The record here is amply sufficient to support the determinations made below that it was more likely than not that no condition or combination of conditions would reasonably assure Valenzuela's appearance for trial. *See Cantu-Salinas; Trosper*, 809 F.2d at 1111.

### 2. *Timeliness*

On September 5, 1986, Valenzuela, having been arrested on the indictment earlier the same day in the Western District of Kansas, was brought before the magistrate for the United States District Court for the Western District of Kansas in Kansas City for removal proceedings under Rule 40 of the Federal Rules of Criminal Procedure. Valenzuela was represented at this hearing by Attorney Ragen, of San Diego, California. At this appearance, Valenzuela's counsel asked for a removal hearing, and the Assistant United States Attorney for the Western District of Kansas requested pre-trial detention under section 3142. In this connection, the government asked for a continuance of three days, until September 8, for the detention hearing. The government sought detention on the ground that Valenzuela's appearance could not otherwise be reasonably assured, calling attention to the presumption of section 3142(e). The government also relied on section 3142(d) and the fact that Valenzuela was apparently an alien illegally in the United States. The magistrate initially set the detention hearing for September 8, but Valenzuela's counsel requested a continuance, and so the magistrate changed the setting to September 10, and ordered that Valenzuela be held pending that hearing. The removal hearing was set for the same time.

At the September 10 hearing in Kansas, Valenzuela's counsel, Ragen, stated that he and his client "waive the removal hearing and agree to go to San Antonio and answer the charges there." Ragen further stated that "[w]ith respect to the detention hearing" he had talked with the Assistant United States Attorney from San Antonio and "we, meaning Yolanda Valenzuela and myself, have agreed with them to go to San Antonio and have our bail hearing slash detention hearing at that time.... [W]e have agreed with them to have that hearing in the district where the charges are pending." The Assistant United States District Attorney for the Western District of Kansas stated her understanding that the parties had agreed that the first detention hearing would be held in San Antonio,

and counsel for Valenzuela reiterated, "[W]hat we want to do is to have her remain in custody to be transported to San Antonio." The magistrate questioned Valenzuela personally about these matters, and ascertained that she was aware that she could have a detention hearing then and there as previously scheduled, but that she was willing to have it postponed and had instead in the Western District of Texas. There followed some discussion as to when the defendant could be transported to Texas and when the detention hearing there could be held. The magistrate indicated his desire for the defendant to be transported as promptly as possible, and the marshal volunteered that she could probably transport the defendant on Monday, September 15, although she was not absolutely sure of that. The government then suggested setting the detention hearing for September 15 in San Antonio. To this Ragen responded that he had another court appearance in the Southern District of California on that date, although he indicated that he might be able to have someone else appear for him in the Southern California proceeding. The magistrate then stated, "I'm not going to set that date here. I'm going to allow the Western District of Texas to go ahead and set the date for the detention hearing upon the arrival of the Defendant in that district. Any problems with that or any further requests?" Defense counsel Ragen responded by saying:

"Well—no, I don't really see any problems with that. I think they'll contact me and I received their number from your clerk, and I will contact them in terms of setting up a date. So if the marshals are able to move her in the next week, then I shouldn't think we'd have any problem."

After some further discussion, the magistrate concluded the hearing by saying:

"The only reason I'm backing off on Monday [September 15], is because counsel himself says he may not be available for a hearing on Monday. So I'm only going to request that she be transported as soon as it's reasonably possible, and allow the court in the Western District of Texas to schedule a detention hearing, just as soon as possible upon her arrival there."

The record reflects that, for some undisclosed reason, Valenzuela was not moved from Kansas to San Antonio until Thursday, September 18, apparently arriving in San Antonio that evening. It appears that on September 16, Ragen, aware that his client had not been moved from Kansas, contacted the Assistant United States Attorneys in San Antonio and Kansas, and the latter contacted the magistrate in the Western District of Kansas, and that magistrate, on September 17, issued an order directing the marshal to transport Valenzuela to San Antonio not later than September 18.

On Friday, September 19, Valenzuela was brought before the United States Magistrate for the Western District of Texas in San Antonio. No counsel was present to represent her. She was informed by the magistrate of the charges against her and of her right to counsel. She advised the magistrate that she was represented by counsel, Mr. Ragen of San Diego, California. The Assistant United States Attorney moved for pre-trial detention and requested a three-day continuance of the hearing until Monday, September 22. The Assistant United States Attorney informed the magistrate that he had been in touch with Ragen but was not aware "when his schedule would permit him to appear in San Antonio." He also related that he had been advised, apparently by Ragen, that a San Antonio lawyer named Stevens might be local counsel for the defendant, and that he had spoken with Stevens, who had advised him "that he had not actually been formally retained, and thus did not intend to make an appearance for the Defendant at this time." The magistrate was advised that the clerk was "working with Mr. Ragen to work out a time that is satisfactory for Mr. Regan to appear." The clerk advised the magistrate that "[w]e were working for Tuesday, Judge." Although the Assistant United States Attorney had indicated that Monday, September 22, would be preferable, the magistrate, apparently in reliance

on the referenced advice from the clerk, set the detention hearing for Tuesday, September 23. The magistrate then questioned the accused to be sure she understood this.

At the September 23 detention hearing before the magistrate in San Antonio, Valenzuela was represented by Ragen and Stevens, although only Ragen took an active part in the proceedings. Ragen took the position that the detention hearing was not timely "because she was not moved [from Kansas] when the Court had called the U.S. marshal to move her." He argued, "[W]hen she wasn't moved I contacted counsel. And I think counsel did what he could. And what the counsel in Kansas could to move her. But the marshal simply didn't move her as directed. So I think the time has run." This was the sole basis for the claim that the detention hearing was untimely, namely, that there was excessive delay in moving Valenzuela from Kansas to San Antonio. This was likewise the sole basis of Valenzuela's contention on appeal to the district court that the detention was not timely, Valenzuela's counsel asserting in that connection that the "detention hearing continuances expired September 15, 1986." At no time did Valenzuela contend before the magistrate in San Antonio, or the district court, that the time between Valenzuela's first appearance in the Western District of Texas, on September 19, and the detention hearing there, on September 23, was excessive or unwarranted. At the September 23 hearing, the Assistant United States Attorney asserted, "She [Valenzuela] has now appeared in San Antonio. The detention hearing was set as promptly as possible. It was with my understanding with giving respect to the needs and desires of Mr. Ragen who is the counsel from San Diego, California." This assertion was never disputed by or on behalf of Valenzuela.

At least two Circuits have held that where the defendant is indicted in one district and arrested on that indictment in another district, the defendant's "first appearance before the judicial officer" for purposes of section 3142(f) means the defendant's first appearance in the district in which he is indicted. *United States v. Me-* *lendez-Carrion,* 790 F.2d 984, 990 (2d Cir. 1986); *United States v. Dominguez,* 783 F.2d 702, 704–05 (7th Cir.1986). We are not aware of any holdings to the contrary. Here the defendant, represented by obviously competent counsel, was specifically provided with the opportunity for a detention hearing in Kansas, but instead requested and stipulated that the detention hearing would be held in San Antonio, where the indictment had been returned. Contrary to the argument of defense counsel at the September 23 hearing, the magistrate in Kansas, on September 10, though stating his "request" that Valenzuela be taken to San Antonio "as soon as it's reasonably possible," specifically refused to fix a deadline of Monday, September 15. Moreover, at the Wednesday, September 10, hearing in Kansas, Valenzuela's counsel had indicated that it was all right with him "if the marshals are able to move her in the next week," which would presumably include a move on Thursday, September 18.

■ In these circumstances, we believe it appropriate to treat Valenzuela's initial appearance before a judicial officer in the Western District of Texas on September 19 as her initial appearance for purposes of section 3142(f). So viewing the matter, we decline to set aside the detention order on the grounds that the September 23 hearing was more than three days after the September 19 appearance. We note to begin with that no challenge was made before the magistrate or the district court (nor has any been made in this Court) to the time elapsed between the September 19 appearance and the September 23 hearing. At the detention hearing, the accused "has the right to be represented by counsel," section 3142(f), and Valenzuela informed the magistrate then that she was represented by Mr. Ragen of San Diego, California. Stevens, the potential local counsel, had not been formally retained and was therefore unwilling to appear. The government was ready and desirous of proceeding on Monday, September 22, within the three days allowed it by section 3142(f) even in the absence of a good cause showing. A fair inference from the record

is that Tuesday, September 23, was selected instead in order to meet the schedule of Ragen from San Diego, and that this was in substance requested by him. This would be within the five days allowed by section 3142(f) for a continuance at the request of the accused, even without a showing of good cause. The situation in this respect is not materially different from that in *Fortna,* 769 F.2d at 248–49, and *United States v. Malekzadeh,* 789 F.2d 850, 851 (11th Cir.1986). Under the circumstances, we hold that the September 23 hearing was timely in relation to the September 19 initial appearance in the Western District of Texas, that the period of time between these dates can be deemed to be attributable to the request of defense counsel, and, in any event, are supported by good cause under the present facts. Accordingly, under this record, we decline to reverse the detention order on the basis of the claimed untimeliness of the hearing.

The order of detention is

AFFIRMED.