UNITED STATES, Appellee,

v.

Christopher Everett KING, Defendant, Appellant.

No. 87–1215.

United States Court of Appeals, First Circuit.

Submitted April 16, 1987.

Decided May 13, 1987.

---

Barry P. Wilson, Boston, Mass., on brief, for defendant, appellant.

Michael K. Loucks, Asst. U.S. Atty., and Frank L. McNamara, Jr., U.S. Atty., Boston, Mass., on brief, for appellee.

Before CAMPBELL, Chief Judge, COFFIN and SELYA, Circuit Judges.

PER CURIAM.

Defendant has been denied pretrial bail. He appeals, arguing he may not properly be detained because, he says, he did not receive a detention hearing "immediately upon [his] first appearance before the judicial officer ..." within the meaning of 18 U.S.C. § 3142(f).

We recount the background. On May 28, 1986, defendant was indicted for violation of RICO, 18 U.S.C. § 1962(c) and (d), and seditious conspiracy, 18 U.S.C. § 2384. He was arraigned on June 18, 1986. At that time, defendant was serving a state sentence, and a magistrate entered a procedural order which stated as follows:

"In that defendant is currently incarcerated and in the custody of the Commonwealth of Massachusetts, bail was not an issue. Accordingly, defendant will remain in the custody of the Commonwealth of Massachusetts pending trial on the ... federal charges.

"Further, pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

1. The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility....

"Review of the within Detention Order may be had by the defendant filing a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. § 3145(b)."

Defendant did not then seek review. Seven months later, in late January 1987 when it was anticipated that defendant would shortly be released from state custody, defendant moved for an immediate hearing concerning bail, and the government moved for pretrial detention under 18 U.S.C. § 3142(f). A detention hearing was held on January 29, 1987. A magistrate determined that no condition or combination of conditions would reasonably assure defendant's presence or the safety of the community and ordered defendant detained. The district court upheld the magistrate's order.

██ Appealing from the detention order, defendant does not now contest the dangerousness and flight findings. Rather, his sole argument is that he did not receive a timely detention hearing and that hence the court lacked the power to detain him. He relies on 18 U.S.C. § 3142(f) which provides that a detention hearing "shall be held immediately upon the person's first appearance before the judicial officer" (unless a continuance, which is subject to strict time limits, is sought) and upon cases such as

*United States v. Payden,* 759 F.2d 202, 204 (2d Cir.1985), and *United States v. O'Shaughnessy,* 764 F.2d 1035, 1036 (5th Cir.1985), appeal dismissed on rehearing as moot, *United States v. O'Shaughnessy,* 772 F.2d 112 (5th Cir.1985), which have construed the "first appearance" requirement strictly and have indicated that if detention is not sought at defendant's first appearance, defendant may not thereafter be detained. Defendant contends he did not receive a detention hearing at his first appearance on June 18, 1986 and hence he may not now be detained.

It is apparent that at defendant's first appearance—arraignment on June 18, 1986 —defendant did receive some sort of hearing, the issue of bail and detention was considered, the magistrate determined that defendant would remain in custody, and the magistrate purported to issue a "Detention Order" pursuant to 18 U.S.C. § 3142(i), a statute addressed specifically to detention (as opposed to release). Defendant, however, argues that the June 18, 1986 hearing at most qualified as a *bail* hearing, but not as a *detention* hearing within the meaning of § 3142(f), because under § 3142(f) the purpose of a detention hearing is to determine whether any condition or combination of conditions will reasonably assure the accused's appearance and the safety of the community. Since those matters were not expressly addressed and the magistrate did not make specific findings concerning risk of flight and dangerousness, no real detention hearing was held and by January 1987 it was too late to hold one, defendant argues.[1]

■ Whether or not the June 18, 1986 hearing was the type of detention hearing contemplated by 18 U.S.C. § 3142(f), the fact remains that the magistrate purported to issue a detention order, and defendant did not seek timely review of it. The argument defendant now makes for release is purely a technical one. He does not suggest how he was prejudiced by a formal detention hearing being held in January 1987—when the matter of pretrial release truly became an issue—rather than at his first appearance in June 1986—when defendant was in state prison and thus in no position to be at liberty.[2] Consequently, we conclude that any error in failing to comply with § 3142(f)'s timing mechanism (presupposing that a detention hearing be held at defendant's first appearance) was harmless, and therefore defendant is not entitled to relief. Fed.R.Cr.P. 52(a); 28 U.S.C. § 2111 (judgment shall be given without regard to errors or defects which do not affect substantial rights).

■ Furthermore, conducting the defendant's detention hearing in January 1987, when his release from state prison was imminent, comports fully with the policies undergirding § 3142(f). As we stated in *United States v. Angiulo,* 755 F.2d 969, 972 (1st Cir.1985), the purpose of the requirement of an immediate detention hearing "is to guarantee a speedy bail determination, to prevent the magistrate or judge from ordering the defendant temporarily detained ... and then holding the key 'detention' hearing at some much later time" (citation omitted). Recognizing, as we do, that the primary objective of the statute is to ensure that a defendant is not unfairly or wrongly detained without a prompt (*i.e.,* timely) hearing on the merits of his detention, that purpose is fully met here—since a hearing was conducted at the earliest practicable opportunity when an unfair deprivation of the defendant's liberty could have become a live issue. Until King's

1. Similarly, defendant would argue that the January 1987 detention hearing could not qualify as a "reopening" of a detention hearing within the meaning of the 1986 amendment to § 3142(f) since no real detention hearing was initially held on June 18, 1986.

2. Defendant contends he was entitled to know at his first appearance what he could look forward to regarding his personal liberty upon his release from state custody. If that is so, then defendant should have sought review of the magistrate's June 18, 1986 procedural order indicating that bail was not then in issue due to defendant's state incarceration. We think the only reasonable interpretation of that order was that the question whether defendant would or would not be released on bail from federal custody was reserved for later determination, if and when release ever became a practical possibility.

release from state custody became imminent, a detention hearing could have had no real meaning.[3]

■ We recognize that *United States v. Payden*, 759 F.2d 202, 205 (2d Cir.1985), declined to apply a harmless error analysis to a defendant previously incarcerated because of inability to meet bail conditions. In this circuit, however, we have taken a slightly more flexible view of the statute's requirements, which we feel is warranted when the purposes underlying the statute have been met. *Cf. United States v. Vargas*, 804 F.2d 157, 162 (1st Cir.1986) (even assuming that defendant had no adequate detention hearing before magistrate, defects were cured in particular instance by subsequent de novo hearing before district court). If, in the present case, just the type of harm that § 3142(f)'s timing requirements were designed to guard against—that is, an accused being denied his liberty through incarceration without the procedural protection of a hearing to determine the propriety of detention having quickly been held—had occurred, perhaps we would look at this case differently. But, in the present case, defendant was already properly incarcerated with full due process under state authority and thus in no position to be released into the community. While the record does not indicate when defendant was released from state custody, defendant has not claimed that the delay in postponing a formal detention hearing until January 29, 1987 resulted in his being held beyond the state release date without a determination having first been made in conformity with the procedural process (right to counsel, hearing, cross examine witnesses, present information through proffer or otherwise) accorded by § 3142(f). In other words this is not a case where defendant was denied procedural due process. He was not first incarcerated without process, and then belatedly accorded process.

In sum, there are three prongs to our decision. First, defendant acquiesced in the magistrate's June 18, 1986 decision to detain him and to postpone the determination whether or not defendant eventually should be released once he was out of state custody. Defendant, having failed to seek review or reconsideration of that order, may not now complain that he received an inadequate detention hearing on June 18, 1986. Second, there is no hint of any actual prejudice to the defendant's rights caused by the procedure followed below. And third, what has transpired in no way offends the purposes or policies which underlie the statute.

*Affirmed.*

---

3. This is not to say that we endorse precisely the protocol which was followed in this instance. To avoid arguments like the present one in the future, the preferred course would be either to hold a provisional detention hearing (the result of which would be effective down the line), or, if the government wishes to postpone consideration of whether or not an already detained prisoner should be further detained once his prison term is served, and the accused agrees, the government, at the accused's first appearance, might specifically request a postponement of a § 3142(f) detention hearing. The accused could state whether or not he objects to the postponement. If the accused objects, the judicial officer should then assess whether good cause for a continuance exists. If the accused does not object, then he should be deemed to have waived § 3142(f)'s first appearance and time requirements. (To the extent *United States v. Al-Azzaway*, 768 F.2d 1141 (9th Cir.1985), states a defendant may not waive § 3142(f)'s time requirements, we do not agree with it.)