UNITED STATES of America,
Plaintiff–Appellant,

v.

Guadalupe MONTALVO–MURILLO,
Defendant–Appellee.

No. 89–2056.

United States Court of Appeals,
Tenth Circuit.

May 31, 1989.

William L. Lutz, U.S. Atty., and Robert J. Gorence, Asst. U.S. Atty., Albuquerque, New Mexico, for plaintiff-appellant.

Bernard J. Panetta, II and Mary Stillinger of Caballero, Panetta & Ortega, El Paso, Tex., for defendant-appellee.

Before MOORE, ANDERSON, and TACHA, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this ap-

peal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal is taken from an order of the United States District Court for the District of New Mexico, 713 F.Supp. 1407 (1989), setting terms and conditions of defendant's release pending trial, notwithstanding the court's finding that no conditions or combination of conditions would reasonably assure his presence in court or the safety of the community, 18 U.S.C. § 3142(e).[1] The court directed release after determining that release on conditions was the appropriate remedy for violations of the failure to hold a detention hearing within the time requirements of 18 U.S.C. § 3142(f).[2] We affirm.

1. (e) **Detention.**—If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial. In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that—

(1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;

(2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State, or local offense; and

(3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), section 1 of the Act of September 15, 1980 (21 U.S.C. 955a), or an offense under section 924(c) of title 18 of the United States Code.

2. (f) **Detention hearing.**—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the person as required and the safety of any other person and the community—

(1) upon motion of the attorney for the Government, in a case that involves—

(A) a crime of violence;

(B) an offense for which the maximum sentence is life imprisonment or death;

(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or section 1 of the Act of September 15, 1980 (21 U.S.C. 955a); or

(D) any felony if the person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

(2) upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves—

(A) a serious risk that the person will flee; or

(B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the attorney for the Government may not exceed three days. During a continuance, the person shall be detained, and the judicial officer, on motion of the attorney for the Government or sua sponte, may order that, while in custody, a person who appears to be a narcotics addict receive a medical examination to determine whether such person is an addict. At the hearing, such person has the right to be represented by counsel, and, if financially unable to obtain adequate representation, to have counsel appointed. The person shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise. The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combi-

We recite the facts from the district court's memorandum opinion and order filed March 1, 1989.

On February 8, 1989 defendant, a Mexican citizen and legal resident alien of the United States, was arrested by United States Customs agents at a checkpoint in Orogrande, New Mexico in connection with the discovery of a substantial quantity of cocaine in an auxiliary gasoline tank mounted in the rear of defendant's pickup truck. According to the customs agents, defendant advised that his destination was Chicago, Illinois where he intended to make delivery of the cocaine, and at the agents' request defendant agreed to participate in a "controlled delivery" to the anticipated purchasers. The customs agents then met with personnel of the Drug Enforcement Administration who made arrangements for the Chicago venture. Consequently, defendant flew to Chicago, Illinois in the company of a DEA agent and another DEA agent drove defendant's vehicle to Chicago where the controlled delivery was attempted. However, nobody showed up to receive the shipment in Chicago.

On February 10, 1989 a complaint was filed in New Mexico and the United States Magistrate for the District of New Mexico issued a warrant for defendant's arrest; and defendant, who at the time was in Chicago, was taken before a United States Magistrate in Illinois for a hearing in accordance with Rule 40 of the Federal Rules of Criminal Procedure. This was defendant's initial appearance before a judicial officer.

During the February 10 hearing Ms. Garza, the Assistant United States Attorney who was handling the case, advised the Magistrate that the Government "was going to move for detention" but an agreement had been reached with Ms. Green, defendant's court appointed counsel. Ms. Garza represented it had been agreed that defendant would consent to removal of the proceedings to New Mexico, where he was charged, if he would be returned to New Mexico immediately. Ms. Garza stated that they had also agreed that defendant would waive a detention hearing in Illinois, but he would not waive his rights to a preliminary hearing or a detention hearing in New Mexico.

The United States Magistrate in Illinois did not ask defendant any questions to determine his ability to understand his rights and the nature of the proceeding. She asked no questions about his understanding of his rights under 18 U.S.C. § 3142(f). She did not make findings that defendant had knowingly and voluntarily waived his right to an immediate detention hearing or that defendant had consented to a continuance. The Magistrate advised the defendant, through an interpreter, that before being sent back to New Mexico he had the right to a determination that there was probable cause to believe he committed an offense and that he was the person named in the complaint and further advised him that he was entitled to a hearing on detention or bail. The Magistrate then asked "Is that agreeable to you?" Defendant's counsel responded, obliquely, that "we are not waiving the preliminary hearing." The Magistrate then rephrased the question to defendant by asking "Is that acceptable?" Defendant's response, through the interpreter, was "Yes ... if they want me to, I'm with them." Next, the Magistrate asked defendant if he had talked to his counsel, Ms. Green, "about it" and defendant's interpreted reply was "Yes, well she is Ms. Green, right?" The Magistrate said "yes" and "alright, then we will enter an order of removal specifically reserving the issues on detention and probable cause for determination by

nation of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence. The person may be detained pending completion of the hearing. The hearing may be reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

the District Court in New Mexico ..." Defendant made no statements during the hearing in Illinois other than the two responses, set forth in full above, and a reply of "yes" to a question about whether he understood he was present for a removal hearing. The United States Magistrate in Illinois ordered that the defendant be returned to New Mexico; he was returned late on the evening of Friday, February 10, 1989 and was jailed in Las Cruces, New Mexico.

On the morning of Monday, February 13, 1989, a representative of the Drug Enforcement Administration conferred with the secretary in the office of the United States Magistrate in Las Cruces, New Mexico about a date and time for a detention hearing and arraignment. The Office of the United States Magistrate for the District of New Mexico scheduled a hearing on Thursday, February 16, 1989. On Wednesday, February 15, 1989 the United States Magistrate appointed counsel to represent the defendant, but retained counsel appeared on defendant's behalf at the hearing the following day, February 16, 1989.

It appears that the Assistant United States Attorney and defendant were prepared to proceed with the detention hearing on February 16, 1989; neither the government nor the defendant moved for a continuance. However, at the beginning of the February 16 hearing the Magistrate stated that "in the interest of justice" the detention hearing should be rescheduled on February 21, 1989, apparently because a Pre-Trial Services Report had not yet been prepared. Again, at the February 16, 1989 hearing, which was defendant's first appearance before a judicial officer in New Mexico, no inquiry was made of defendant's understanding of his right to an immediate detention hearing under 18 U.S.C. § 3142(f) and there was no finding that defendant had knowingly and voluntarily waived his right to an immediate hearing. In fact, the Magistrate did not advise defendant of any rights and asked him no questions. Moreover, the United States Magistrate made no finding, as

required by 18 U.S.C. § 3142(f), that there was "good cause" to continue the hearing to February 21, 1989.

In regard to postponing the hearing to February 21, 1989, the Magistrate stated that the hearing would be held that date if the Government moved to detain the defendant and indicated that if it did not, on February 21, 1989 the Magistrate would set conditions of release. The Government filed a Motion for Detention on February 17, 1989. This was the first detention motion that was actually made; the Government had intended to move for detention on February 10, 1989 before the Magistrate in Illinois, but had not done so by reason of the agreement reached with defendant's court appointed counsel in Illinois. Since the Government filed a written motion for detention on February 17, 1989, the United States Magistrate in Las Cruces, New Mexico proceeded with a detention hearing on February 21, 1989 at the conclusion of which the Magistrate said he would set conditions of release but would allow the Government an opportunity to appeal to United States District Court before entry of the order setting conditions of release. The United States Attorney therefore requested an immediate hearing before the District Court and that hearing was held on February 23, 1989.

The district court temporarily stayed its release order to enable the United States to file a notice of appeal; thereafter, we stayed defendant's release pending further order of the court.

The government argues that the February 21 hearing on the detention motion was timely, that defendant's waiver of an immediate detention hearing (in Illinois) was a request for an indefinite continuance of the hearing for good cause, and that even if a violation of § 3142(f) occurred, the remedy is a prompt detention hearing, not release. Defendant contends that the time constraints of § 3142(f) were violated and that the remedy chosen by the district court was correct.

First, we must determine the appropriate standard by which to review the district

court's factual findings and legal conclusions. Next we must consider whether the time requirements of § 3142(f) were violated under the facts of this case. Finally, if violations of § 3142(f) occurred, we must review the correctness of the district court's choice of remedy.

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, pretrial detention is presumptively appropriate for certain offenders upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(e). Further, certain offenses carry a presumption that no such conditions or combination thereof will assure appearance and safety, including violations of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, where there is probable cause to believe that the person committed an offense for which the maximum term of imprisonment is more than ten years. *Id.*

Under § 3142(a), upon the charged person's appearance before a judicial officer, the officer shall issue an order releasing the person on recognizance or on conditions, temporarily detaining the person under § 3142(d), or detaining the person under § 3142(e). This case involves only § 3142(e).

Detention under § 3142(e) requires a hearing under § 3142(f) on motion of the government (f)(1), or on motion of either the government or the judicial officer (f)(2), depending on certain factors, the hearing is to be held "immediately upon the person's first appearance before the judicial officer," unless a continuance is sought. Except for good cause, the government may have three days and the accused five. An accused may be detained pending completion of the hearing, at which time the person is afforded counsel and may testify by himself or by witnesses. The ultimate finding for purposes of § 3142(e) "shall be supported by clear and convincing evidence." A detention order issued pursuant to (e) is required to include "written findings of fact and a written statement of the reasons for the detention." § 3142(i). In

upholding the constitutionality of the Act, the Supreme Court noted that under § 3142(f), the arrestee is entitled to a prompt hearing. *United States v. Salerno*, 481 U.S. 739, 747, 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697 (1987).

Nothing in § 3142(e) provides for a "waiver" of the time requirements for the hearing, *United States v. Hurtado*, 779 F.2d 1467, 1474 n. 7 (11th Cir.1985); *United States v. Al–Azzawy*, 768 F.2d 1141, 1145 (9th Cir.1985), although a short postponement from the initial appearance in the arresting district (here Illinois) to the first appearance in the charging district (here New Mexico) has been upheld. *See United States v. Melendez–Carrion*, 790 F.2d 984, 990 (2d Cir.1986) (removal hearing may precede detention hearing, leaving latter to occur in prosecuting district after removal). *See also United States v. Dominguez*, 783 F.2d 702, 704–05 (7th Cir.1986).

Among the issues necessary to resolving the question of whether the detention hearing was timely are (1) when, under these facts, defendant had his first appearance, (2) whether an immediate detention hearing is waivable (and, if so, for how long), and (3) whether defendant in fact waived his right to an immediate hearing. We are confronted by the same difficulties as the district court because the facts are far from crystal clear.

At the outset, we join those circuits which have held that appellate review of detention or release orders is plenary, at least as to mixed questions of law and fact, and independent, with due deference accorded to the trial court's purely factual findings. *See United States v. Hurtado*, 779 F.2d at 1471–72, collecting and analyzing cases from the First, Third, Sixth, Eighth, and Ninth Circuits: *United States v. Bayko* 774 F.2d 516, 519–20 (1st Cir. 1985); *United States v. Delker*, 757 F.2d 1390, 1399–1400 (3d Cir.1985); *United States v. Hazime*, 762 F.2d 34, 36–37 (6th Cir.1985); *United States v. Maull*, 773 F.2d 1479, 1487 (8th Cir.1985); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). *See also United States v. Portes*, 786 F.2d 758, 762 (7th Cir.1985) (joining

majority of circuits adopting independent review standard).

■ At the hearing before the magistrate in Illinois, the government did not specifically move for pretrial detention because counsel for both sides and the defendant had agreed that the preliminary and detention hearings should take place in New Mexico. The government's intention to move for pretrial detention, however, is clear enough, and defendant was thus provided with ample notice of the government's proposed course of action. Additionally, § 3142(f)(1) does not expressly require the government to make a written motion for pretrial detention. *United States v. Volksen*, 766 F.2d 190, 192 (5th Cir.1985). On this record, we believe the government adequately moved for pretrial detention at the Illinois hearing.

■ However, by the time of the first hearing before the magistrate in New Mexico on February 16, six days had elapsed since defendant's arrival there. The government had not yet filed a formal motion for pretrial detention, nor had a motion for continuance been sought. Even if we assume that on February 10 defendant could be deemed to have waived his right to an immediate detention hearing (a question we need not answer), and even if we construe counsel's agreement to postpone the detention hearing as an implicit request for a continuance under § 3142(f)(2), the permissible time period had expired by February 16. *See, e.g., United States v. Malekzadeh*, 789 F.2d 850, 851 (11th Cir.1986) (defendant can implicitly agree to continuance of detention hearing); *United States v. Valenzuela–Verdigo*, 815 F.2d 1011, 1015–16 (5th Cir.1987) (inferring from record that five-day continuance from initial appearance to hearing was "in substance" requested by defendant).

Most troubling, however, is the magistrate's decision, *sua sponte*, to further continue the matter to February 21. The statute does not authorize a continuance by the judicial officer. *See United States v. Alatishe*, 768 F.2d 364, 369 (D.C.Cir.1985) (judicial officer should not *sua sponte* delay detention hearing except in most compel-

ling situations); *United States v. Hurtado*, 779 F.2d at 1475 (judicial officer lacks authority to *sua sponte* extend time for hearing).

The magistrate couched his continuance of the hearing in the following language:

All right. I think, therefore, in the interest of judgment (sic), that I should continue the detention hearing for a maximum of three working days, *as the United States wishes to request.* (Emphasis added.)

Vol. II, p. 5.

However, neither the government nor the defendant requested a continuance. Further, it is fair to conclude from reading the transcript of the February 16 hearing that the magistrate did not intend to conduct the detention hearing until the pretrial services report had been prepared. (Vol. II, pp. 5–6.) There is no indication why this report was not prepared between February 13 when the magistrate's office was first contacted regarding defendant and February 16 when the initial hearing was held in the charging district. There was no finding of good cause for the continuance under § 3142(f), nor would the lack of a pretrial services report, without more, necessarily constitute good cause.

We conclude, then, as did the district court, that although the delay between the defendant's appearance in Illinois on February 10 and his first appearance in New Mexico on February 16 might be viewed as a minor violation of the maximum permissible period for a defense requested continuance, the further continuance of the hearing by the magistrate, *sua sponte*, constituted a material violation of the specific instructions Congress provided in crafting § 3142(f).

What Congress did not provide, however, is the remedy. Consequently, circuit courts are divided in their conclusions as to what the remedy should be (which again is compounded by the variety of factual situations in which the question arises). *Compare United States v. Al–Azzawy*, 768 F.2d at 1145 (if time constraints violated in material way, district court should not order

unconditional pretrial detention); *United States v. Payden*, 759 F.2d 202, 205 (2d Cir.1985) (remedy for failure to provide hearing at first appearance was reconsideration under prior bail law); *United States v. O'Shaughnessy*, 764 F.2d 1035, 1038–39 (5th Cir.1985) (noncompliance with first appearance requirement for hearing precludes detention) appeal dismissed on rehearing as moot 772 F.2d 112 (5th Cir. 1985); *with United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir.1989) (en banc) (automatic release not appropriate remedy where requirements of Bail Reform Act not properly met); *United States v. Coonan*, 826 F.2d 1180, 1185 (2d Cir.1987) (where defendant otherwise incarcerated and defense counsel's position is that immediate hearing is unnecessary, government is not precluded from seeking detention even if hearing is more than five statutory days after initial appearance); *United States v. King*, 818 F.2d 112, 114–15 (1st Cir.1987) (where defendant already serving state sentence, detention hearing not required until release from state custody imminent); *United States v. Vargas*, 804 F.2d 157, 162 (1st Cir.1986) (assuming detention hearing inadequate and untimely, subsequent *de novo* hearing by district court cured defect); *United States v. Hurtado*, 779 F.2d at 1481–82 (where hearing untimely and inadequate, detention order would be reversed and matter remanded for *de novo* hearing at which merits of pretrial detention to be reconsidered). *See also United States v. Madruga*, 810 F.2d 1010, 1014 (11th Cir.1987) (where defendant fails to object to hearing date, he can be deemed to acquiesce in up to five-day continuance); *United States v. Holloway*, 781 F.2d 124, 128–29 (8th Cir.1986) (where government's request for detention made at second appearance before same judicial officer, district court's original order setting bond would be reinstated); *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir.1985) (no error in magistrate's scheduling of hearing five days after initial appearance where defendant needed to obtain counsel, no objection to continuance raised, and continuance not suggested by government).

Whether we construe defendant's February 10 agreement to move the hearing to New Mexico as a request for a five-day continuance or a waiver of the right to an immediate hearing, the second continuance, from February 16 to February 21, cannot be justified. Nor do we agree with the premise that the waiver of an immediate hearing "can be viewed as a request for an indefinite continuance for good cause." *United States v. Clark*, 865 F.2d at 1437.

█ If the mandatory restrictions on the length of time a hearing can be continued, delayed, or postponed are to have any import, we believe the consequences for violations, at least where material and not the fault of the defendant, must likewise be substantive. Under the circumstances of this case, the subsequent holding of a *de novo* hearing by the district court did not cure the fact that the New Mexico magistrate was without authority to extend the date of the hearing from February 16 to February 21 absent a finding of good cause. Thus, the district court was correct in selecting the only meaningful remedy available—release on conditions.

Accordingly, the memorandum opinion and order filed March 1, 1989, is AFFIRMED.