934 F.2d 326
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles James FLOYD, Defendant-Appellant.
 No. 91-1147.
 United States Court of Appeals, Tenth Circuit.
 May 31, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant stands charged by indictment with numerous, serious federal offenses, including ten counts involving drugs. The government sought an order of pretrial detention pursuant to 18 U.S.C. Sec. 3142(e) and invoked the presumption of detention. Proceeding on offers of proof and the testimony of a special agent of the Drug Enforcement Administration, the government showed that defendant had, over an extended period of time, dealt in very substantial quantities of marijuana, was associated with other drug traffickers and fugitives from justice, had previously given false identification to law enforcement officers, and had engaged in a money laundering scheme. In rebuttal, the defendant showed that he was currently employed and that the children of his wife (also indicted as a co-defendant) were enrolled as students in the local school system. At the conclusion of those proceedings, the magistrate judge found that because of defendant's risk of flight, no condition or combination of conditions would reasonably assure the appearance of defendant as required. Subsequently, defendant sought revocation of the order of detention before the district court. An additional hearing was conducted at which time further documentary evidence was produced by defendant.
 
 
 3
 In her order, the district court summarized the evidence presented by the government and the defendant. After analysis, the district court indicated that she was persuaded that no condition or combination of conditions would reasonably assure the presence of the defendant as required. Defendant's motion for revocation of the detention order was denied. This appeal followed.
 
 
 4
 On appeal, defendant argues the presumption of detention was successfully rebutted, and that there were conditions which would reasonably assure defendant's future appearances.
 
 
 5
 The operation of detention presumption provisions of section 3142(e) are set out in our decision in United States v. Strickland, --- F.2d ----, No. 91-1123 (10th Cir. filed May 8, 1991). Appellate review of detention orders such as this is plenary as to mixed questions of law or fact and independent with due deference to the district court's purely factual findings. United States v. Montalvo-Murillo, 876 F.2d 826, 830 (10th Cir.1989), rev'd on other grounds, 110 S.Ct. 2072 (1990). Here, the grand jury indictment of Mr. Floyd was sufficient to establish a finding of probable cause that he had committed a federal drug offense carrying a maximum prison term of ten years or more. We conclude that the detention presumption of section 3142(e) was properly invoked by the government. Further, we conclude that the government's evidentiary showing was sufficient to meet its burden of persuasion.
 
 
 6
 Accordingly, the order of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3