943 F.2d 58
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald MORALES, also known as Shorty Morales, Defendant-Appellant.
 No. 91-1276.
 United States Court of Appeals, Tenth Circuit.
 Sept. 4, 1991.
 
 Before McKAY, BARRETT and JOHN P. MOORE, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 PER CURIAM
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 This is an appeal from an order of pretrial detention. Defendant was initially charged by indictment with conspiracy to distribute and to possess with intent to distribute over 1000 kilograms of marijuana. The government seasonably sought an order of pretrial detention pursuant to 18 U.S.C. § 3142(e). The presumption of detention was expressly invoked.
 
 
 4
 Proceeding on offers of proof, the government showed that defendant had been a fugitive from justice for at least ten years, was currently under indictment in another district, was in the possession of false identification (using two different aliases), had $32,000 in currency in his possession at the time of the arrest, and attempted to flee arresting officers.
 
 
 5
 In rebuttal, defendant showed only that his friends and family were willing to post a substantial property bond in return for his release. Defendant did not controvert the government's factual showing. At the conclusion of the hearing, the magistrate judge found by clear and convincing evidence that defendant had been a long-time fugitive, possessed false identification in at least two other names, some of the identification was from the Republic of Mexico, and that defendant attempted to flee arresting officers. The magistrate judge determined that defendant was an extreme flight risk and would not remain for trial.
 
 
 6
 Subsequently, defendant sought revocation of the detention order indicating that, again, friends and family would be willing to post a substantial bond, and, in addition, defendant would subject himself to electronic monitoring, frequent contacts with pretrial services, and residence in a halfway house.
 
 
 7
 After hearing, the district court declined to revoke the order of detention. This appeal followed.
 
 
 8
 On appeal, defendant argues that the presumption of detention was successfully rebutted and that the government failed in its burden of persuasion.
 
 
 9
 The operation of the detention presumption provision of section 3142(e) is set out in our decision in United States v. Stricklin, 932 F.2d 1353 (10th Cir.1991). Appellate review of detention orders is plenary as to mixed questions of law or fact and independent with due deference to the district court's purely factual findings. United States v. Montalvo-Murillo, 876 F.2d 826, 830 (10th Cir.1989), rev'd on other grounds, 110 S.Ct. 2072 (1990). Here the grand jury's indictment of Mr. Morales was sufficient to establish a finding of probable cause that he had committed a federal drug offense carrying a maximum prison term of ten years or more. We conclude that the detention presumption of section 3142(e) was properly invoked by the government. Further, we conclude that the government's evidentiary showing was sufficient to meet its burden of persuasion.
 
 
 10
 Accordingly, the order of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3