945 F.2d 411
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge LOPEZ, Defendant-Appellant.
 No. 91-4134.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 3, 1991.
 
 Before SEYMOUR, BARRETT, and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from an order of the district court which revoked a previous order of pretrial release and ordered detention prior to trial.
 
 
 3
 Defendant was charged by indictment in the District of Utah with possession with intent to distribute cocaine and distribution of a controlled substance within one thousand feet of a school. The Defendant was arrested in California. The government apparently sought an order of pretrial detention pursuant to 18 U.S.C. § 3142(e) and expressly invoked the presumption of detention based on the serious drug charge. After several hearings, the magistrate judge apparently concluded that Defendant had successfully rebutted the presumption of § 3142(e), and ordered release upon the posting of a $320,000 bond.
 
 
 4
 Defendant posted bond and appeared as scheduled in the District of Utah where the government immediately sought an order revoking release. The magistrate judge in Utah declined to revoke detention for reasons not relevant here, but amended the conditions of release.
 
 
 5
 The government promptly sought review of the order of release under 18 U.S.C. § 3145(a). The Defendant took the position that any challenge of the release order issued by the California magistrate judge should have been brought in the California court.
 
 
 6
 At the hearing, the government made an uncontroverted showing that Defendant was a citizen of the Republic of Mexico, frequently traveled there, Defendant's family members resided there, and the amount of cocaine involved was substantial. Further, if convicted as charged, Defendant faced a mandatory twenty-year minimum sentence.
 
 
 7
 On July 29, 1991, the district court entered its final order revoking the order of release and ordering pretrial detention.
 
 
 8
 On August 14, 1991, the district court entered a supplemental order which ratified the July 29 order. Defendant's Notice of Appeal, specifically from the August 14 order was filed on August 20, 1991.
 
 
 9
 Under § 3142(e), upon a finding of probable cause that the Defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure Defendant's appearance and the safety of the community. The burden of production then shifts to the Defendant. However, the burden of persuasion regarding risk of flight and the danger to the community always remains with the government. The Defendant's burden of production is not heavy, but some evidence must be produced. Even if a Defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain. United States v. Stricklin, 932 F.2d 1353 (10th Cir.1991).
 
 
 10
 Appellate review of detention or release orders is plenary, as to mixed questions of law and fact, and independent, with due deference to the district court's purely factual findings. United States v. Montalvo-Murillo, 876 F.2d 826, 830 (10th Cir.1989), rev'd on other grounds, 110 S.Ct. 2072 (1990).
 
 
 11
 Here the grand jury indictment of Defendant was sufficient to establish a finding of probable cause that he had committed a federal drug offense carrying a maximum prison term of ten years or more.
 
 
 12
 The presumption of § 3142(e) was properly invoked by the government. The government's offers of proof regarding Defendant's background and other factors relating to the risk of flight were more than sufficient to support the district court's finding that the government had met its burden of persuasion. Finally, there is no question that the district court, was the court of original jurisdiction over the offense and consequently had jurisdiction to review the California magistrate judge's release order. See 18 U.S.C. § 3145(a).
 
 
 13
 The government sharply challenges the appellate jurisdiction of this court. It is the government's position that Defendant's Notice of Appeal was filed beyond the time allowed by Fed.R.App.P. 4(b).
 
 
 14
 The district court's final judgment, which fully adjudicated Defendant's custody status, was entered on July 29, 1991. The ten-day appeal period prescribed by Rule 4(b) expired on August 8. Defendant's Notice of Appeal was not filed until August 20 which was twenty-two days after the entry of the final judgment. The August 14 order was not a final judgment. It simply ratified the district court's earlier order. It is well established that appellate jurisdiction cannot be invoked in the absence of a timely Notice of Appeal. Here, the Notice of Appeal was untimely. Consequently, this court does not have jurisdiction.
 
 
 15
 The appeal is dismissed.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3