**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael O'SHAUGHNESSY,
Defendant-Appellant.**

**No. 85–2360.**

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1985.

Roland E. Dahlin, II, Thomas S. Berg, Houston, Tex., for defendant-appellant.

Henry K. Oncken, U.S. Atty., James R. Gough, Jr., James J. Powers, Asst. U.S. Attys., Houston, Tex., Ann Wallace, Atty., Crim. Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

PER CURIAM:

Because this appeal is now moot, it is dismissed.

On June 18, 1985, we reversed an order of the district court denying revocation of pretrial detention under 18 U.S.C. § 3142(e), and remanded for future proceedings in accordance with the Bail Reform Act of 1984, 18 U.S.C. §§ 3141 *et seq.*

764 F.2d 1035 (5th Cir.1985). On August 30, 1985, we granted panel rehearing and assigned the case to the oral argument calendar. 772 F.2d 111 (5th Cir.1985).[1]

Both parties have informed us that the defendant O'Shaughnessy pleaded guilty to a specified charge on August 15, 1985, and was continued free on bond pending his sentencing hearing on September 16. On September 16, we were informed that O'Shaughnessy was sentenced that date to a probated sentence.

■ The issues of this appeal concern a defendant's right to pretrial bail and the government's efforts to assure his pretrial detention without bail under 18 U.S.C. § 3142(e). Both pretrial issues are obviously mooted by the defendant's conviction (on his plea) and sentence. *Murphy v. Hunt*, 455 U.S. 478, 481–82, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). Neither pretrial detention nor release on pretrial bail may now be ordered; the issues are no longer "live", and the parties lack a legally cognizable interest in the outcome. *Id.*

■ Normally, when mootness is noticed on appeal, the practice is to vacate the judgment below and remand to the district court with the direction to dismiss the claim, in order to prevent the res judicata effect that would be afforded the trial court judgment by a mere dismissal of the appeal as moot. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950). Under the present circumstances, however, we can see no functional reason for remanding to the district court to order it to vacate the already superceded (by the conviction and sentence) orders relating to *pretrial* detention and bail.

Accordingly, the appeal is DISMISSED as moot.

APPEAL DISMISSED.

---

**1.** The intent of our grant of rehearing under the circumstances was to vacate our panel opinion pending reconsideration after further briefing and oral argument. *See* Fed.R.App.P. 40(a),

Fifth Circuit Internal Operating Procedures, *Rules of the United States Court of Appeals for the Fifth Circuit* (July 1983), p. 98 (effect of granting rehearing).