F I L E D
United States Court of Appeals
Tenth Circuit

MAY 12 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JESUS JOHN HERNANDEZ

        Petitioner-Appellant,

v.

JOSEPH M. BROOKS, Warden,
Englewood FCI; UNITED STATES
MARSHAL SERVICE; and UNITED
STATES PAROLE COMMISSION,

        Respondents-Appellees.

No. 98-1358

(D.C. 98-D-771)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, and **BALDOCK**, and **HENRY**, Circuit Judges,

Petitioner Jesus John Hernandez appeals the district court's order denying his

petition for habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Hernandez sought release

pending a parole revocation proceeding.[1]  The government reports (and Mr. Hernandez

---

[*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.

does not dispute) that the Parole Commission held a hearing on July 20, 1998 and revoked his parole.  In his appellate brief, Mr. Hernandez challenges the district court's refusal to release him pending the parole revocation hearing on several grounds.

We agree with the government that Mr. Hernandez's appeal is moot.  Because the parole revocation hearing has already been held, the question of Mr. Hernandez's release pending the hearing is no longer live.   Mr. Hernandez now lacks a legally cognizable interest in the decision whether to release him on bail before that hearing.  See Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam) (concluding that a defendant's claim to pretrial bail was moot once he was convicted); United States v. O'Shaughnessy, 772 F.2d 112, 113 (5th Cir. 1985) (per curiam) (observing that, after the defendant's conviction, "[n]either pretrial detention nor release on pretrial bail may now be ordered").  Because the proceeding before us concerns only the denial of his request for bail pending the parole revocation hearing and does not concern the Parole Commission's decision to deny parole, we conclude that the case is moot.

Accordingly, Mr. Hernandez's appeal is DISMISSED as moot.

ENTERED FOR THE COURT

Robert H. Henry
Circuit Judge

2