IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30876
_____


UNITED STATES OF AMERICA

                                        Plaintiff - Appellee

        v.

WARREN LEE, JR.

                                        Defendant - Appellant

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CR-146
_____
December 4, 2001

Before KING, Chief Judge, and HIGGINBOTHAM and DAVIS, Circuit
Judges.

PER CURIAM:[*]

        Defendant-Appellant Warren Lee, Jr. appeals the district

court's affirmance of the magistrate judge's pretrial detention

order.  Lee contends that there was insufficient evidence to

detain him under the Bail Reform Act of 1984, 18 U.S.C. §§ 3141

et seq. (2000).  This interlocutory appeal is now before us for

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

the second time.  Previously, we remanded the case to the district court for the limited purpose of clarifying its reasons for affirming the magistrate judge's pretrial detention order.  The district court submitted a written response to our remand order, and on November 19, 2001, we scheduled the case for a panel hearing.  However, on the same day that we scheduled the case for a panel hearing, Lee was rearraigned, and he pleaded guilty to the charge in the indictment.  The district court accepted Lee's plea and scheduled his sentencing.  Lee's conviction has rendered this appeal of the pretrial detention order moot.

We have held that challenges to pretrial detention orders are rendered moot by a defendant's conviction (or conviction and sentence).  United States v. Ramirez, 145 F.3d 345, 356 (5th Cir. 1998); United States v. O'Shaughnessy, 772 F.2d 112, 113 (5th Cir. 1985).  Lee argues that we should nevertheless consider his appeal of the district court's pretrial detention order because he raises an issue that he claims will also be relevant to the district court's determination whether he is entitled to release pending sentencing (or appeal).  However, whether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act.  See 18 U.S.C. §§ 3142 ("Release or detention of defendant pending trial"), 3143 ("Release or detention of defendant pending

2

sentence or appeal"); see also Murphy v. Hunt, 455 U.S. 478, 481 n.5 (1982) (noting that a claim for bail pending appeal is "quite distinct [from a] claim for bail by a presumptively innocent person awaiting trial"). Thus, even assuming that Lee is correct in his assertion that the issue he presents in the instant case will bear on the district court's determination whether he should be released or detained pending sentencing (or appeal), we do not have such a determination by the district court before us.

Lee appeals only the district court's determination that the magistrate judge properly ordered his pretrial detention. As we have noted, once a defendant is convicted (or convicted and sentenced), "the issues [of pretrial detention and release] are no longer 'live,' and the parties lack a legally cognizable interest in the outcome," because "[n]either pretrial detention nor release on pretrial bail may . . . be ordered." O'Shaughnessy, 772 F.2d at 113; see also Murphy, 455 U.S. at 481-82 (holding that "[the defendant's] claim to pretrial bail was moot once he was convicted," reasoning that "[t]he question was no longer live because even a favorable decision on it would not have entitled [the defendant] to bail"). Thus, we DISMISS Lee's appeal of the pretrial detention order as moot.