United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20917
USDC No. 4:03-CR-331-6
USDC No. 4:03-CR-330-7
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAKEBA DEHRON THOMAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Makeba Dehron Thomas has appealed the denial of his motion for release pending trial. Previously, this court remanded Thomas' appeal for a determination whether his untimely filing of a notice of appeal was due to excusable neglect or good cause. On remand, the district court determined that Thomas had not shown that the untimely filing was due to excusable neglect or good cause. In compliance with our remand order, the district court has returned the case to this court. The Government has moved to dismiss the

---

[*] Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

appeal for lack of jurisdiction.

The record indicates that shortly after the district court returned this case to our court, Thomas was convicted by a jury for possession of cocaine base with intent to distribute. We have held that a defendant's claim to release pending trial is mooted by the defendant's conviction.[1] In addition, we need not remand this case to the district court given that the order appealed from relating to pretrial detention and bail has been superceded by Thomas' conviction.[2]

Thomas' appeal is DISMISSED AS MOOT. The Government's motion to dismiss for lack of jurisdiction is DENIED AS UNNECESSARY.

---

[1] *See United States v. O'Shaughnessy*, 772 F.2d 112, 113 (5th Cir. 1985) (citing *Murphy v. Hunt*, 455 U.S. 478 (1982)).

[2] *Id.* (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950)).

O R D E R