NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 10, 2007
Decided October 11, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-4297

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>        *v.*<br><br>RUDY L. CARRERA,<br>    *Defendant-Appellant.* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division<br><br>No. 05-CR-560-2<br><br>Ronald A. Guzman,<br>*Judge.* |

**O R D E R**

Rudy Carrera pleaded guilty to conspiracy to possess cocaine with intent to distribute, *see* 21 U.S.C. §§ 846, 841(a)(1), and attempt to possess cocaine with intent to distribute, *see id.* The district court sentenced him at the high end of the guidelines range to a total of 135 months' imprisonment. Carrera appeals, but his appointed counsel has moved to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Carrera to respond to counsel's motion, *see* Cir. R. 51(b), and he has done so. Our review is limited to the potential issues identified in counsel's facially adequate brief and in Carrera's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Carrera was indicted in August 2005. At status hearings that followed in September, November, and December, the district judge granted the government's unopposed motions for a continuance and each time excluded the resulting delay under the Speedy Trial Act on the ground that refusing to grant the requested continuance would likely make it impossible to proceed or result in a miscarriage of justice. *See* 18 U.S.C. § 1361(h)(8)(A), (B)(i). At the December hearing the district judge also set a trial date for June 2006. Carrera entered his guilty pleas one week before the scheduled date. He was at all times detained: he originally waived his detention hearing, and a magistrate judge denied his later request for pretrial release.

In his *Anders* brief, counsel first considers whether Carrera might challenge the voluntariness of his guilty pleas. Counsel contemplates arguing that Carrera did not "understand" the rights he was waiving, *see* Fed. R. Crim. P. 11(b)(1)*,* because Carrera speaks only Spanish. But counsel does not say that Carrera wants his pleas set aside, and Carrera's response is ambiguous on the issue. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002); *United States v. Torres*, 482 F.3d 925, 925 (7th Cir. 2007). In any event, Carrera did not move to withdraw his guilty pleas in the district court, so we would review only for plain error. *Schuh*, 289 F.3d at 974. And we discern no error, plain or otherwise: an interpreter was provided; Carrera stated that he understood the interpreter at the outset; and his responses to the judge throughout the proceeding reflected understanding. The substance of the plea colloquy also substantially complied with Rule 11, *see United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003), so this argument would be frivolous.

Counsel next considers arguing that Carrera's pretrial detention was illegal, but we agree with counsel that it would be frivolous to do so. Any issue regarding the legality of Carrera's pretrial detention became moot once he pleaded guilty. *See Murphy v. Hunt,* 455 U.S. 478, 481-82, (1982); *United States v. O'Shaughnessy*, 772 F.2d 112, 113 (5th Cir. 1985).

Counsel next considers arguing that Carrera's convictions for both conspiracy to possess cocaine and attempted possession violated the Double Jeopardy Clause. Carrera, however, waived any double-jeopardy claim by pleading guilty. *See United States v. Broce,* 488 U.S. 563, 568-71 (1989); *United States v. Nave,* 302 F.3d 719, 721 (7th Cir. 2002). In any event, it has long been settled that a prosecution for both conspiracy and attempt does not violate the Double Jeopardy Clause because each crime requires proof of a fact that the other does not. *See Blockburger v. United States,* 284 U.S. 299, 304 (1932); *United States v. Rein,* 848 F.2d 777, 780 (7th Cir. 1988). Conspiracy requires proof of an agreement, and attempt requires proof of a substantial step towards completion. *See Rein,* 848 F.2d at 780. This argument would therefore be frivolous.

Counsel and Carrera next consider arguing that he was denied his statutory right under the Speedy Trial Act to a trial within 70 non-excludable days of his indictment, *see* 18 U.S.C. § 3161(c), and his constitutional right under the Sixth Amendment to a speedy trial. Counsel concludes, and we agree, that an argument premised on the Speedy Trial Act would be frivolous because Carrera never moved to dismiss the indictment on this ground. The statute itself provides that a defendant's failure to move for dismissal before trial or the entry of a guilty plea waives the right to enforce the 70-day rule. 18 U.S.C. § 3162(a)(2); *see United States v. White,* 443 F.3d 582, 589 (7th Cir. 2006). Even plain-error review is unavailable. *See United States v. Morgan,* 384 F.3d 439, 442-43 (7th Cir. 2004). Nor can Carrera make out a violation of his speedy-trial right under the Sixth Amendment because his guilty pleas waived any such claim. *See United States v. Gaertner,* 583 F.2d 308, 311 (7th Cir. 1978); *Washington v. Sobina,* 475 F.3d 162, 165-66 (3d Cir. 2007); *United States v. Coffin*, 76 F.3d 494, 496 (2d Cir. 1996); *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *Cox v. Lockhart,* 970 F.2d 448, 453 (8th Cir. 1992).

Counsel next considers whether Carrera could challenge the reasonableness of his overall prison term, but properly concludes that such a challenge would be frivolous. Carrera's sentence is within the guidelines range and would be presumed reasonable. *See United States v. Rita*, No. 06-5754, 2007 WL 1772146, at *6 (U.S. Jun. 21, 2007); *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006). Counsel notes that the district court failed to explicitly address Carrera's contention that he should be sentenced at the middle of the guidelines range because he will likely be deported. But sentencing judges can, and should, forgo discussion of meritless arguments for the sake of judicial economy. *See United States v. Acosta,* 474 F.3d 999, 1003 (7th Cir. 2007). And Carrera's argument was meritless. *Cf. United States v. Meza-Urtado,* 351 F.3d 301, 305 (7th Cir. 2003) (explaining pre-*Booker* that downward departure is not available because defendant is deportable)*; see also United States v. Orozco-Vasquez*, 469 F.3d 1101, 1109 (7th Cir. 2006) (approving of increasing sentence based on, among other things, defendant's illegal reentry). It is true that the district court's discussion of the factors in 18 U.S.C. § 3553(a) was otherwise brief, but Carrera's removability was the only factor that counsel raised below. And he is unable to articulate any other reason that the presumption of reasonableness would be overcome on appeal.

Counsel lastly considers arguing that the district court violated Carrera's right to due process because the court considered unreliable information in choosing a sentence at the high end of the guidelines range. At sentencing the government argued that the events leading to Carrera's arrest suggested that he was a seasoned drug trafficker. But to mount a due-process challenge, Carrera would have to demonstrate that the government's belief was inaccurate and that the court relied on it. *See United States v. Barker,* 467 F.3d 625, 630 (7th Cir. 2006). Even if

Carrera could demonstrate that the government's position was inaccurate, he could not establish that the court chose a sentence at the high end of the range because of it. The court did not mention the government's theory when pronouncing sentence, and the government offered several other reasons, such as the large amount of cocaine (27 kilograms) that Carrera admitted was involved in this conspiracy, in support of a sentence at the high end of the range. *See United States v. Harrison,* 431 F.3d 1007, 1012-13 (7th Cir. 2005) (concluding that it was not clear error for district court to find that defendant had previously sold drugs based on large quantity he possessed). In addition, the government premised an argument that Carrera managed the conspiracy, *see* U.S.S.G. § 3B1.1(b)*,* on the same theory, but the court rejected it. Therefore this argument would be frivolous.

Carrera raises one final potential argument. We understand him to challenge the constitutionality of 21 U.S.C. § 841(b) on the ground that it is inconsistent with *Apprendi v. New Jersey,* 530 U.S. 466 (2000). We have repeatedly rejected this argument. See *United States v. Sowemino,* 335 F.3d 567, 570 (7th Cir. 2003); *United States v. Brough,* 243 F.3d 1078, 1079 (7th Cir. 2001); *accord United States v. Buckland*, 289 F.3d 558 (9th Cir. 2002) (en banc); *United States v. Outen*, 286 F.3d 622, 634 (2d Cir. 2002); *United States v. Palmer*, 297 F.3d 760, 767 (8th Cir. 2002). *Apprendi* affects only how § 841(b) is implemented: the maximum penalty must be established in a constitutional manner, and then the judge may select a sentence using the preponderance standard. *See Brough,* 243 F.3d at 1079-80. That is precisely what occurred here because Carrera's sentence is below the default statutory maximum of 20 years for a conviction involving any amount of cocaine. *See* 21 U.S.C. § 841(b)(1)(C).

Accordingly, the motion to withdraw is GRANTED and the appeal is DISMISSED.