# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-41217
Summary Calendar

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT EDWARD BOROWSKI,

Defendant-Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2018

Lyle W. Cayce
Clerk

———————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:16-CR-73-2

———————

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Robert Edward Borowski pleaded guilty, pursuant to a plea agreement, to a single count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. The plea agreement contained an appeal waiver in which he waived the right to appeal his conviction and sentence; he retained the right to appeal a punishment above the statutory maximum and to appeal or seek collateral review of a claim of ineffective assistance of counsel.

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41217

Borowski argues that his trial counsel was ineffective because he did not reveal a conflict of interest, waived a detention hearing, and promised that the district court would impose a lenient sentence.  The Government filed a motion for summary affirmance as to this claim.

The record is not sufficiently developed to allow fair consideration of his claims, and, therefore, we decline to consider them without prejudice to any right that Borowski has to assert them on collateral review.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).  Because the claim is not foreclosed or clearly incorrect as a matter of law, summary affirmance is not warranted.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Next, Borowski contends that the district court failed to hold a pretrial detention hearing.  He asserts that the district court improperly canceled the hearing after a discussion with his counsel.  The Government argues that the claim is barred by the appeal waiver and moves to dismiss the claim.

The district court's decision whether to hold a detention hearing, and the reasons underlying the cancelation of the hearing, implicate nonjurisdictional matters that were waived by Borowski's guilty plea.  *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002).  A claim concerning pretrial detention was not excepted from the appeal waiver or does not implicate the validity of the plea.  *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  Because the Government seeks to enforce the waiver, which Borowski does not argue is invalid, his claim is barred and subject to dismissal.  *See United States v. Higgins*, 739 F.3d 733, 739 (5th Cir. 2014); *United States v. Story*, 439 F.3d 226, 230-231 (5th Cir. 2006); *Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  Moreover, a challenge to pretrial detention is moot now that Borowski has been convicted and sentenced.  *United States v. O'Shaughnessy*,

No. 17-41217

772 F.2d 112 (5th Cir. 1985). Additionally, Borowski contends that the district court erred by failing to permit him to withdraw his guilty plea. He argues that his trial counsel had a conflict of interest and, thus, the district court should have inquired further as to the validity of the plea. The Government asserts that this claim should be dismissed based on the appeal waiver. However, because the claim implicates the validity of the guilty plea, it can be reviewed despite the waiver. *See United States v. Carreon-Ibarra*, 673 F.3d 358, 362 n.3 (5th Cir. 2012).

Borowski did not file a motion to withdraw his guilty plea, tell the district court that he sought to file such a motion, or otherwise suggest that he desired to withdraw his plea. Rather, the record establishes that Borowski entered an intelligent, knowing, and voluntary plea and that he and his counsel indicated that he wanted to proceed with the plea. Thus, the record does not reflect that the district court had any basis to inquire further as to whether the guilty plea should be withdrawn.

Given the foregoing, the Government's motion for summary affirmance is DENIED. The motion to dismiss is GRANTED as to Borowski's challenge to the denial of a detention hearing but DENIED as to Borowski's challenge as to his guilty plea. The judgement of the district court is otherwise affirmed. The Government's motion for an extension of time to file an appellate brief is DENIED as unnecessary.