PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 1/22/97**

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 96-7124

ROBERT KINSLOW,

Defendant-Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. 96-CR-45-1-S)

---

Submitted on the briefs:

Stephen J. Knorr, Federal Public Defender, Stephen J. Greubel, Assistant Federal Public Defender, Tulsa, Oklahoma, for Defendant-Appellant.

John Raley, United States Attorney, D. Michael Littlefield, Assistant United States Attorney, Muskogee, Oklahoma, for Plaintiff-Appellee.

---

Before ANDERSON, HENRY, and MURPHY, Circuit Judges.

---

PER CURIAM.

Defendant-Appellant Robert Kinslow appeals[1] the district court's order denying him release pending sentencing. He contends that the district court imposed improper conditions on the determination of his eligibility for release under 18 U.S.C. § 3145(c). The United States concedes that the district court misread § 3145(c), but argues that its order denying release should be affirmed on the alternate basis that appellant failed to show any "exceptional reason" justifying release.

## I.

It is uncontroverted, on appeal, that appellant was found guilty of a "crime of violence," for purposes of 18 U.S.C. § 3142(f)(1)(A). Under 18 U.S.C. § 3143(a)(2), he is therefore subject to detention pending imposition of sentence unless:

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on [appellant]; and

(B) the judicial officer finds by clear and convincing evidence that [appellant] is not likely to flee or pose a danger to any other person or the community.

---

[1] After examining the briefs and materials submitted, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Alternatively, appellant could obtain release under 18 U.S.C. § 3145(c), by meeting the conditions of release set forth in 18 U.S.C. § 3143(a)(1) and by making a clear showing of exceptional reasons why his detention would not be appropriate. Appellant chose this route to attempt to obtain continued release pending sentencing. Under § 3143(a)(1), he was required to show, by clear and convincing evidence, that he was not "likely to flee or pose a danger to the safety of any other person or the community if released." He did not have to show, however, as he would have under § 3143(a)(2), that he was likely to prevail on a motion for acquittal or new trial, or that the government had recommended no sentence of imprisonment.

The district court, relying on the language of § 3143(a)(1), which makes it applicable "except as provided in paragraph (2)," concluded that appellant had to satisfy the requirements of § 3143(a)(2) in order to obtain release under § 3145(c). As the United States concedes, this is a misreading of §§ 3143(a) and 3145(c). The clear language of § 3145(c) requires a person subject to detention under § 3143(a)(2) to meet the conditions of release under § 3143(a)(1), not § 3143(a)(2). We conclude that the district court erred in requiring appellant to satisfy the additional conditions imposed by § 3143(a)(2).

II.

Our analysis does not end with our conclusion that the district court misapplied §§ 3143(a) and 3145(c), however. The district court went on to consider whether appellant had met the other requirement of § 3145(c), of showing "exceptional reasons" to justify his release pending sentencing. It concluded that he had not. If this determination is correct, it provides an alternative basis for affirmance.

We have given careful consideration to the standard of review to be applied to the district court's determination that appellant showed no exceptional reason for release. Whether the particular circumstances of a case satisfy a prescribed statutory standard, such as "exceptional reasons," presents a mixed question of law and fact. Campbell v. Bartlett, 975 F.2d 1569, 1574 n.9 (10th Cir. 1992). "We review mixed questions under the clearly erroneous or de novo standard, depending on whether the mixed question involves primarily a factual inquiry or the consideration of legal principles." Armstrong v. Commissioner, 15 F.3d 970, 973 (10th Cir. 1994).

The issue of whether the determination of "exceptional reasons" is primarily factual or legal is resolved for us by United States v. Stricklin, 932 F.2d 1353 (10th Cir. 1991). Stricklin requires us to apply de novo review to mixed questions of law and fact concerning the detention or release decision, while

accepting the district court's findings of historical fact which support that decision, unless they are clearly erroneous. Id. at 1354 (citing United States v. Montalvo-Murillo, 876 F.2d 826, 830 (10th Cir. 1989), rev'd on other grounds, 495 U.S. 711 (1990)); see also United States v. Hurtado, 779 F.2d 1467, 1471-72 (11th Cir. 1985) (discussing and adopting similar test). Thus, we review de novo the district court's determination that appellant failed to demonstrate an "exceptional reason" justifying his release, while accepting the district court's findings of fact which support that determination, unless "clearly erroneous."

Based upon our review of the record and briefs on appeal, we conclude that the district court did not err in determining that the circumstances of this case did not present an exceptional reason for appellant's release pending sentencing. Therefore, the order of the United States District Court for the Eastern District of Oklahoma denying appellant release pending sentencing is AFFIRMED.