**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUIS GARCIA-FLORES,

Defendant-Appellant.

No. 97-2004
(D.C. No. CR 96-610-BB)
(D. N.M.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, KELLY and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant appeals the district court's order of pretrial detention entered pursuant to 18 U.S.C. § 3142(e). Defendant has been charged with importation of narcotics, possession with intent to distribute a controlled substance, and conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 841(a)(1), 952(a), and 963. The district court found that no condition or combination of conditions would reasonably assure defendant's appearance and the safety of the community if he were released pending trial. We review this determination de novo, but accept the district court's underlying findings of historical fact, unless they are clearly erroneous. See United States v. Kinslow, No. 96-7124, 1997 WL 22507, at *2 (10th Cir. Jan. 22, 1997).

The presumption of detention contained in 18 U.S.C. § 3142(e) applies here. Even assuming that defendant produced sufficient evidence to rebut the presumption, the presumption remains a factor for consideration by the district court in determining whether to release or detain. See United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991).

In determining whether any condition or combination of conditions would reasonably assure defendant's appearance and the safety of the community, the court must consider the factors contained in 18 U.S.C. § 3142(g). Having reviewed the record, we conclude that these factors weigh decisively against the defendant. Defendant is charged with offenses involving the importation of over

five hundred pounds of marijuana. The evidence concerning his participation in these offenses is strong. At the time he committed the offenses, he was on probation in California for a juvenile offense and had already violated his probation on several occasions, including a violation for failure to stay home when he was placed under house arrest, and a separate conviction for giving false information to a police officer. Additionally, one of the terms of his probation was that he not associate with Adrian Santana. Mr. Santana is his co-defendant in the present offenses. We find no error in the district court's finding that no condition or combination of conditions, under these circumstances, will reasonably assure defendant's appearance at trial and the safety of the community. Accordingly, we AFFIRM the district court's order of detention.

ENTERED FOR THE COURT
PER CURIAM