**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

ALFRED RAY BRANNON,

    Defendant-Appellee.

No. 00-2037
(D.C. No. CR-99-865)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **PORFILIO**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, appellant's request for oral argument is denied, and the case is ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On August 4, 1999, defendant Alfred Ray Brannon was indicted and charged with two counts each of using the mail to threaten a federal judge and others in violation of 18 U.S.C. § 876 and endeavoring to influence or intimidate a judicial officer in violation of 18 U.S. C. § 1503. On February 10, 2000, the district court held a hearing to determine, *inter alia,* whether Mr. Brannon should be detained pending trial. The district court entered a summary order releasing Mr. Brannon and setting trial for March 6, 2000. On February 11, 2000, the government appealed the district court's release order and filed an emergency motion before a single judge for a stay of Mr. Brannon's release pending appeal. Circuit Judge Paul J. Kelly granted the government's motion. The district court then issued a memorandum opinion stating its reasons for granting Mr. Brannon's release. We have jurisdiction under 18 U.S.C. § 3731, and we vacate the stay of release and affirm the district court.

The Bail Reform Act of 1984 allows a federal court to detain a person pending trial if the government can demonstrate by clear and convincing evidence that no specific conditions of release will reasonably assure the appearance of the person as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(c). Here, in seeking detention of Mr. Brannon, the government did not contend that he was a flight risk, but only that he poses a risk to the safety of other persons and the community. In denying the government's request to detain

Mr. Brannon pending his trial, the district court determined that the government had not met its burden of establishing that, if released, Mr. Brannon would pose a danger to other persons or the community. *See United States v. Salerno*, 481 U.S. 739, 751 (1987) (government must prove by clear and convincing evidence that detainee presents a threat of danger to any person or the community).

In making its decision, the district court considered Mr. Brannon's appropriate conduct during a short release to attend his mother's funeral. The court determined that, although Mr. Brannon had a history of mental and emotional disorders and a history of uttering "veiled or oblique" threats, the government could point to no incidents of actual violent behavior except for a few minor domestic incidents five years earlier. Dist. Ct. Mem. Op. at 2-3. Moreover, the court concluded that the testimony of family members favoring Mr. Brannon's detention was all based on their opinions regarding what Mr. Brannon "may" or "might" do if released. *Id.* at 3. The court found this to be "sheer speculation." *Id.*

The court weighed the opinion of the team of mental health professionals who had evaluated Mr. Brannon during his confinement at the United States Medical Facility for Federal Prisoners and found it to be less persuasive than the evaluation of Dr. Anne Rose who based her opinion that Mr. Brannon would pose no danger if released on tests and cited research. The court also considered Mr.

Brannon's obedient and respectful demeanor during the two-hour detention hearing.

We accept "the district court's findings of historical fact which support [a detention or release] decision, unless they are clearly erroneous." *United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997). [1] Our review of the district court's decision "under the 'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prod. of Cal., Inc. v. Construction Laborers Pension Trust*, 508 U.S. 602, 623 (1993). We determine a finding of fact as clearly erroneous only if, after a review of all the evidence, we are definitely and firmly convinced that a mistake has been made. *See Elmore v. Capstan, Inc.*, 58 F.3d 525, 531 (10th Cir. 1995) (quotation omitted). In addition, the Supreme Court has held as a matter of law that "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. This is so even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts."

---

[1] This court applies de novo review to the mixed question of law and fact of whether a condition or combination of conditions could be imposed which would ameliorate the danger posed by a detainee if released. *See Kinslow*, *105 F.3d at 557.* Because here the district court did not find Mr. Brannon to be a threat to the safety of any other person and the community, it did not make findings as to whether a condition or combination of conditions would insure that safety if Mr. Brannon were released. Therefore, the court's factual finding as to Mr. Brannon's threat of danger is the only issue before this court on appeal.

-4-

*Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (citations omitted), *accord United States v. Little*, 60 F.3d 708, 713 (10th Cir. 1995).

Here, the district court's factual finding that Mr. Brannon's release would not endanger other persons and the community is amply supported by the evidence. The government's arguments regarding the district court's preference for the opinion of Dr. Rose over that of the other mental health professionals would require this court to reweigh the evidence and substitute our view for that of the district court: something we may not do. *See Anderson*, 470 U.S. at 573-75. Therefore, following a careful review of the district court's decision and the parties' respective briefs and giving the appropriate deference to the district court's factual decision, we conclude that the court's finding that Mr. Brannon's release would not endanger any other person or the community was not clear error.

The February 11, 2000 order staying the district court's order of release pending appeal is VACATED. Mr. Brannon's pro se answer to the government's request for an emergency stay is DENIED as moot. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

John C. Porfilio
Senior Circuit Judge

No. 00-2037, *United States v. Brannon*

-5-

**EBEL**, Circuit Judge, dissenting.

In my judgment, the government has met its burden under § 3142(c) and the district court's ruling to the contrary is clearly erroneous. I believe the district court should consider what special conditions of release are necessary reasonably to assure the safety of Mr. Brannon and the community. Accordingly, I would reverse the district court order and remand for consideration of appropriate conditions of release.