# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 04-1997

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Randall Alan Brown, | * | |
| | * | [PUBLISHED] |
| Appellee. | * | |

_____

Submitted: May 18, 2004
Filed: May 19, 2004

_____

Before MORRIS SHEPPARD ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Randall Alan Brown pleaded guilty to receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2), and the district court sentenced him to twenty-four months in prison and three years of supervised release. Over the government's objection, rather than requiring Brown to be taken into custody immediately, the district court allowed him to self-surrender when he is notified by the United States Marshal of his assignment to a federal correctional institution. The government promptly appealed the district court's detention decision. We granted the government's request to expedite the appeal, and we now reverse.

It is undisputed that Brown's case is governed by 18 U.S.C. § 3143(a)(2), which requires him to be taken into custody immediately unless "it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate," 18 U.S.C. § 3145(c). At sentencing, the district court recognized that the fact Brown had been on pretrial release for over a year without committing any violations was not an exceptional circumstance. As best we can discern from the sentencing transcript, the exceptional circumstances found by the district court were that (1) Brown should remain in a treatment program for depression pending his assignment to a federal correctional institution, and (2) because his conviction was for child pornography, Brown might be subjected to violence if detained in a local jail while awaiting assignment to a federal correctional institution.

We conclude that these are not exceptional reasons. See United States v. Cantu, 935 F.2d 950, 951 (8th Cir. 1991) (we review de novo ultimate legal question whether detention is required); United States v. Koon, 6 F.3d 561, 563 (9th Cir. 1993) (Rymer, J., concurring in denial of rehearing en banc) (defining "exceptional" as used in § 3145(c) as "clearly out of the ordinary, uncommon, or rare"). As to the district court's desire that Brown remain in treatment pending assignment, we agree with the courts that have held that a defendant's participation in a treatment program is not an extraordinary reason, e.g., United States v. Green, 250 F. Supp. 2d 1145, 1150-51 (E.D. Mo. 2003) (defendant's successful progress in drug treatment was not exceptional reason), and we disagree with the courts that have held to the contrary, e.g., United States v. Charger, 918 F. Supp. 301, 304 (D.S.D. 1996) (defendant's ongoing alcohol treatment was exceptional reason). Turning to the district court's speculation that the nature of Brown's conviction might subject him to mistreatment if he were detained in a local jail while awaiting assignment, we do not see how Brown's case is "clearly out of the ordinary, uncommon, or rare" when compared to every other defendant convicted of offenses involving the sexual exploitation of children, all of whom are subject to mandatory detention under § 3143(a)(2). We note that Brown was not convicted of child abuse.

Accordingly, we reverse the judgment of the district court and remand this case with instructions that the district court order Brown taken into custody immediately. The mandate shall issue forthwith.

_____