# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4118

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Benjamin J. Larue, also known as | * | [UNPUBLISHED] |
| hardhornyguy24, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 14, 2007
Filed: February 23, 2007

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

We granted the government's motion for an expedited appeal from the district court's refusal to order appellee, Benjamin J. Larue, to be detained following his conviction by a jury on charges of attempting to entice a minor to engage in unlawful sexual activity, a violation of 18 U.S.C. § 2422(b), and traveling in interstate commerce for the purpose of engaging in illicit sexual activity, a violation of 18 U.S.C. § 2423(b), both of which are crimes of violence within the meaning of 18 U.S.C. § 3143(a)(2) and 18 U.S.C. § 3156(a)(4)(C). We reverse and remand with directions.

Briefly, the conduct giving rise to his convictions commenced in June 2004, when Larue, a resident of Gardner, Kansas, chatted on the Internet with a person that he thought was a 14-year-old girl living in Kansas City, Missouri. Larue in fact was speaking with an undercover Platte County, Missouri, sheriff's detective. Larue suggested that the two should engage in various forms of sexual activity, acts, if they had been carried out, would have constituted second-degree sodomy and second-degree rape under Missouri law.

After a second conversation the following day, and following the "girl's" driving instructions, Larue drove approximately thirty miles to the designated location in Missouri.

At the conclusion of a one-day trial, Larue was convicted of the above-described federal offenses on November 13, 2006. After the jury was discharged, the district court engaged in a colloquy with the prosecutor and defense counsel regarding the question of Larue's post-conviction detention. Apparently agreeing with the government that the convictions involved crimes of violence, the district court ordered that Larue continue to remain free on bond pending sentencing, listing as reasons the fact that Larue had complied with the terms of his pretrial release, that he had no criminal record, that he was paying support for his two young children, that he was taking mental-health medication, that he had ongoing employment, and that the nature of his offenses might cause him to be subjected to violence while in jail or other detention facility. The district court also noted the lengthy delays in preparing presentence investigation reports and the crowded jail conditions. Finally, the district court voiced its apparent disapproval of the government's investigative targeting of would-be child sexual exploiters.

The relevant statute provides as follows:

> (2)  The judicial officer shall order that a person who has been found guilty of [a crime of violence] and is awaiting imposition or execution of sentence be detained unless –
> (A)(i)  the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii)  an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person[.]

18 U.S.C. § 3143(a)(2)(A)(i) & (ii).

The district court did not find that a substantial likelihood existed that a motion for acquittal or new trial would be granted.  Nor did the government recommend that no sentence of imprisonment be imposed upon Larue.  Accordingly, the only possible avenue of post-trial release would be the showing of the existence of "exceptional reasons why [Larue's] detention would not be appropriate."  18 U.S.C. § 3145(c).

As we did in United States v. Brown, 368 F.3d 992 (8th Cir. 2004), we conclude that the reasons advanced by Larue and relied upon by the district court, whether considered singly or in combination, do not constitute "exceptional reasons" within the meaning of § 3145(c).  Larue's compliance with the terms of his pretrial release, his lack of a criminal record, his payment of child support, and his ongoing employment are commendable, but they are not "clearly out of the ordinary, uncommon, or rare."  Brown, 368 F.3d at 993 (quoting United States v. Koon, 6 F.3d 561, 563 (9th Cir. 1993) (Rymer, J., concurring in denial of rehearing en banc).  Likewise, the record reflects neither the nature of the medication Larue is taking nor his need therefor.  As for the offense-related violence that Larue might be subjected to in confinement, we, like the court in Brown, fail to see how Larue's case is clearly out of the ordinary, uncommon, or rare when compared to any other defendant committed of a sexual exploitation of children offense.

-3-

In a word, then, we conclude that the district court erred in ordering that Larue remain free on bond pending sentencing. Accordingly, the order is reversed, and the case is remanded to the district court with directions to enter an order that Larue be taken into custody immediately. The mandate shall issue forthwith.

_____