# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 07-1789

_____

United States of America,                    *
                                             *
        Appellant,             *        Appeal from the United States
                                             *        District Court for the
    v.                                  *        Western District of Missouri.
                                             *
Steven R. Little,                            *             [PUBLISHED]
                                             *
        Appellee.             *

_____

Submitted: April 17, 2007
Filed: May 9, 2007

_____

Before BYE, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

The Government appeals the district court's order permitting Steven R. Little to remain free on bail and to self-surrender following his conviction and sentence to 60 months in prison for attempting to entice a minor to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b). We granted the Government's motion for an expedited appeal, and after briefing from both sides, we reverse and remand.

The question presented is whether there are any 18 U.S.C. § 3145(c) "exceptional circumstances" in the case which would permit Mr. Little to escape the

otherwise mandatory requirement of 18 U.S.C. § 3143(a)(2) that he be immediately confined following sentencing for the crime of violence he committed. The district court found three circumstances it deemed to be "exceptional": (1) the conduct of law enforcement officers in arresting Mr. Little following his indictment, rather than permitting him to self-surrender as his attorney had informed the authorities he would do. The circumstances of the arrest are described as "the FBI sent multiple agents to Mr. Little's house, evacuated a portion of the neighborhood, and entered the house with guns drawn." Appellee's Br. at 4; (2) the fact that Mr. Little cooperated in the investigation, voluntarily gave incriminating statements, consented to the seizure of his computer, and his full compliance with pretrial release conditions; and (3) his timely appearance at all court proceedings.

None of the circumstances relied upon are "exceptional." We have said that "exceptional" means "clearly out of the ordinary, uncommon, or rare." United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007). It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor is it clearly out of the ordinary, uncommon, or rare for defendants to cooperate in the investigation of their criminal acts.

We also fail to see any connection between the circumstances of the appellee's arrest by the government and a determination of whether he should be free to self-surrender following conviction and sentence. The facts of this case reveal that Mr. Little had previously attempted to engage in sexually-related, on-line conversations with two girls (ages 12 and 13) before his on-line encounter with the undercover FBI agent posing as a 13-year-old in an internet chat room that led to his arrest when he showed up at a Kansas City park for the prearranged tryst. The public deserves more protection from convicted on-line sexual predators than the district court's order permitting the defendant to be unconfined for 60 days pending his self-surrender provides. See United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004) (noting we review de novo the ultimate legal question of whether detention is required).

Accordingly, the district court's order of March 13, 2007, permitting the defendant, Mr. Little, to be released on bail and allowing him to self-surrender on May 14, 2007, to serve the 60-month sentence imposed on him for attempting to entice a minor to engage in illegal sexual activity, a crime of violence, in violation of 18 U.S.C. § 2422(b), is vacated. The case is remanded to the district court for the immediate issuance of a bench warrant for the appellee's arrest and confinement pursuant to the judgment of conviction and sentence previously entered against him.

_____