**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA

Plaintiff–Appellant,

v.

KEITH MUTTE,

Defendant–Appellee.

No. 10-2093
(D.C. No. 1:09-CR-02983-MCA)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

**Per Curiam**

The Government appeals the district court's release of defendant Keith

Mutte, pending sentencing on July 6, 2010, for the crime of assault resulting in

serious bodily injury. Because the district court's determination was in

accordance with the statutory detention scheme, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Mr. Mutte, a Native American, assaulted his girlfriend and broke her ankle on April 6, 2007. He was prosecuted in tribal court for the offense and was convicted. That conviction was overturned on appeal based on juror bias. In 2008 he entered a plea of guilty to simple assault and received probation. He remained under tribal supervision through March 2010 and complied with all conditions of probation.

In an overlapping proceeding involving the same incident, Mr. Mutte was indicted in federal court on October 9, 2009, for a violation of 18 U.S.C. §§ 113(a)(6) and 1153. He was convicted by a jury on March 24, 2010. Because assault resulting in a serious bodily injury is a crime of violence, the government moved for his detention pending sentencing, pursuant to 18 U.S.C. § 3143(a). The district court granted the motion but later released Mr. Mutte with conditions. The government sought reconsideration of the release, but the district court denied the request.

Factual findings underlying the court's determination were that: (1) Mr. Mutte is not a flight risk or a danger to any other person or the community, as shown by his pretrial services report; (2) the dual-prosecution situation, spanning a period of three years, was unusual and uncommon; (3) Mr. Mutte had lived within the same community as the victim without incident during the entire period; and (4) he had been under constant supervision and fully

compliant with all federal and tribal conditions. Further, the court found that Mr. Mutte's criminal act was aberrant in that he had not engaged in any such conduct since the charged assault. The court concluded that, under the totality of circumstances, Mr. Mutte had demonstrated exceptional reasons supporting his release pending sentencing.

## II.

The Mandatory Detention Act of 1990 requires that defendants who are found guilty of certain categories of offenses must be detained pending sentencing, with three exceptions. First, a defendant may be released if "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143(a)(2)(A)(i). Second, a defendant may be released if "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." *Id.* § 3143(a)(2)(A)(ii). The third exception provides, in pertinent part:

> A person subject to detention pursuant to section 3143(a)(2) . . ., and who meets the conditions of release set forth in section 3143(a)(1) [unlikely to flee or pose a danger], may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

*Id.* § 3145(c).

Here, no judicial officer has found a substantial likelihood that a motion for acquittal or a new trial will be granted. And the government attorney has

-3-

recommended a sentence of imprisonment. Thus, only § 3145(c)'s "exceptional reasons" exception is relevant to Mr. Mutte's case.

"Whether the particular circumstances of a case satisfy a prescribed statutory standard, such as 'exceptional reasons,' presents a mixed question of law and fact." *United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997). "[T]he district court's determination" on the demonstration of "an 'exceptional reason' justifying . . . release" is given de novo review, while "the district court's findings of fact which support that determination" are accepted "unless clearly erroneous." *Id.* (quotation omitted).

### III.

A. Government's Challenges to the District Court's Factual Findings

As a threshold manner, the Government asserts that the district court erred in finding that Mr. Mutte does not pose a danger to the victim or the community. The government's brief reprises the girlfriend's testimony, points to the girlfriend's continued concern for her safety, and refers to an investigator's affidavit repeating other women's allegations of abuse that took place before the charged assault. It also summarizes a study on the high recidivism rate of domestic-violence offenders.

Under the clearly-erroneous standard of review, it does not appear that the district court committed reversible error with regard to its factual findings. Although there is room for disagreement about Mr. Mutte's character and

-4-

propensities, the district court provided adequate justification for its determination that Mr. Mutte is not a present danger to either the girlfriend or society.

B.  Government's Challenges to the District Court's Legal Conclusion

"[E]xceptional means clearly out of the ordinary, uncommon, or rare." *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (quotation omitted). An assessment of reasons proffered as the basis for release pending appeal "a case by case evaluation." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991) (referring to "a unique combination of circumstances giving rise to situations that are out of the ordinary"). "[A] wide range of factors may bear upon the analysis." *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003). The district court has "broad discretion . . to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct." *Id.* (quotation omitted). The question is "whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released . . . ) it would be unreasonable to incarcerate the defendant" pending appeal. *Id.* at 1019.

The government asserts that the district court's legal conclusion on the exceptional-reason issue is wrong on several counts. But in light of the broad range of factors eligible for the district court's consideration, we conclude that the district court properly analyzed the record and identified "exceptional reasons" as

-5-

contemplated by 18 U.S.C. § 3145(c).  Thus, we AFFIRM the district court's

determination that the otherwise mandatory confinement requirement of 18 U.S.C.

§ 3143(a)(2) does not apply to Mr. Mutte.

O'Brien, J., concurs in the result.