# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3374

_____

| | |
|---|---|
| United States of America | * |
| | * |
| Appellant, | * |
| | * |
| v. | *  Appeal from the United States |
| | *  District Court for the |
| | *  District of North Dakota. |
| | * |
| Kenneth Lee Mahoney, Jr. | *  [PUBLISHED] |
| | * |
| Appellee. | * |

_____

Submitted: November 3, 2010
Filed: December 08, 2010

_____

Before WOLLMAN, MURPHY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kenneth Lee Mahoney, Jr. pled guilty to transporting child pornography, in violation of 18 U.S.C. § 2252(a)(1), and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Over the government's objection, the district court did not require Mahoney to be taken into custody immediately and instead released him pending sentencing. The government appeals the district court's detention decision, and after briefing from both sides, we reverse.

It is undisputed that Mahoney's case is governed by 18 U.S.C. § 3143(a)(2), which requires him to be taken into custody immediately unless "it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate," 18 U.S.C. § 3145(c). The sole exceptional reason given by the district court was that Mahoney had "done remarkably well on release."

Upon de novo review, United States v. Cantu, 935 F.2d 950, 951 (8th Cir. 1991), we conclude that this is not an exceptional reason. It is well settled that compliance with the terms of pretrial release is commendable but does not justify release under section 3145(c). United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007); United States v. Larue, 478 F.3d 924, 925 (8th Cir. 2007); United States v. Mostrom, 11 F.3d 93, 95 (8th Cir. 1993). Although Mahoney makes much of the fact that his pretrial release allowed him to leave the district court's jurisdiction and be supervised by probation from a different state, we fail to see how the specific conditions of Mahoney's pretrial release distinguishes our case law.

Accordingly, we reverse the judgment of the district court and remand the case with instructions that the district court order Mahoney taken into custody immediately. The mandate shall issue forthwith.

_____