# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1474
_____

United States of America

*Plaintiff - Appellant*

v.

Dustin E. Nickell

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 15, 2013
Filed: April 26, 2013
[Unpublished]
_____

Before WOLLMAN, BOWMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

This is an expedited appeal by the government from the district court's order permitting Dustin E. Nickell to remain free on bond following his plea of guilty to possession of pseudoephedrine with the knowledge that it would be used in the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(c)(2), an offense punishable by a maximum term of 20 years' imprisonment.

Absent "exceptional reasons," 18 U.S.C. § 3145(c), a district court is required by 18 U.S.C. § 3143(a)(2) to order the presentence detention of a defendant convicted of an offense in violation of the Controlled Substances Act "for which a maximum term of imprisonment of ten years or more is prescribed," 18 U.S.C. § 3142(f)(1)(C), and who "is awaiting imposition . . . of a sentence" unless the court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted," or "the government has recommended that no sentence of imprisonment be imposed." § 3143(a)(2).

In this case, because neither exception applies, the question before us is whether the circumstances relied upon by the district court in refusing to detain Nickell in fact constitute "exceptional reasons." We conclude that they do not.

In support of Nickell's request that he be permitted to remain free on bond pending sentencing, his counsel pointed to Nickell's success in having remained free of methamphetamine use during the preceding two years, his full disclosure to and cooperation with law enforcement officers regarding his involvement in the crime charged, his regular attendance at drug treatment meetings, his success in passing every drug test, his full-time employment, and his care of his three young children.

In response to the government's renewal of its motion that Nickell be detained pending sentencing, the district court ruled as follows: "[The government] isn't challenging the fact that you are taking care of your children and you're gainfully employed. Two things we don't see very often around here. I'm going to consider those extraordinary circumstances and let you remain on bond until we set a sentencing date."

We conclude that however laudable and commendable Nickell's conduct has been since his initial contact with law enforcement officials, the circumstances noted

by the district court, whether considered singly or in combination or as amplified to include the full range of Nickell's counsel's response, are not "exceptional," as defined by our cases as "clearly out of the ordinary, uncommon or rare." See United States v. Brown, 368 F.3d 992, 933 (8th Cir. 2004) (per curiam), quoting United States v. Koon, 6 F.3d 561, 563 (9th Cir. 1993). See also United States v. Mahoney, 627 F.3d 705 (8th Cir. 2010) (per curiam); United States v. Little, 485 F.3d 1210 (8th Cir. 2007) (per curiam); United States v. Larue, 478 F.3d 924 (8th Cir. 2007) (per curiam).

Accordingly, the order permitting Nickell to remain free on bond pending sentencing is reversed, and the case is remanded to the district court with directions that Nickell be taken into custody immediately. Mandate to issue forthwith.

_____