# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2329
_____

United States of America

*Plaintiff - Appellant*

v.

Shirley Eileen Schmitt

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: July 18, 2013
Filed: July 29, 2013
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this expedited appeal, the government contends that the district court erred in permitting Shirley Schmitt to remain free pending sentencing following her conviction of conspiracy to manufacture and distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846, and possession of pseudoephedrine with the intent to manufacture methamphetamine

in violation of 21 U.S.C. § 841(c)(1) and 841(c)(2). Schmitt faces a mandatory minimum sentence of ten years imprisonment and a maximum sentence of life imprisonment.

Under 18 U.S.C. § 3145(c), in the absence of "exceptional reasons," a district court is required by 18 U.S.C. § 3143(a)(2) to order the detention of a defendant convicted of an offense in violation of the Controlled Substances Act "for which a maximum term of imprisonment of ten years or more is prescribed," 18 U.S.C. § 3142(f)(1)(C), and who is awaiting sentencing unless the court finds "there is a substantial likelihood that a motion for acquittal or new trial will be granted," or "the Government has recommended that no sentence of imprisonment be imposed," § 3143(a)(2). Neither exception applies in this case. Accordingly, the only issue presented is whether the circumstances cited by the district court in support of its order declining to detain Schmitt constitute "exceptional reasons" as the term is used in § 3143(a).

The district court relied upon the following reasons in declining to detain Schmitt:

(a) as the primary reasons for its decision, the court found that trial evidence did not show that Schmitt was actually selling methamphetamine, the drug conspiracy was not profitable, and Schmitt and others participated only in order satisfy their own addiction;

(b) Schmitt "cooperated with the [c]ourt," "conducted herself properly" during the trial, and did not "cause a mistrial";

(c) Schmitt is "helping her elderly parents"; and

(d) Schmitt's release posed no risk to the community because Schmitt would have no contact with individuals who testified at trial.

We conclude that none of the reasons relied upon by the district court in determining that Schmitt should not be detained, either individually or in combination, are "exceptional" within the meaning of 18 U.S.C. § 3145(c), because they are not "clearly out of the ordinary, uncommon or rare," the standard which we have consistently applied.  See United States v. Nickell, No. 13-1474, 2013 WL 1787972, at *1 (8th Cir. Apr. 26, 2013) (unpublished per curiam); United States v. Brown, 368 F.3d 992, 933 (8th Cir. 2004) (per curiam).

Accordingly, we reverse the judgment of the district court and we remand this case with instructions that the district court order Schmitt be taken into custody immediately.  Mandate to issue forthwith.

_____