# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2792

_____

United States of America

*Plaintiff - Appellant*

v.

Scott Krantz

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: August 29, 2013
Filed: September 23, 2013
[Unpublished]

_____

Before WOLLMAN, LOKEN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

This is an expedited appeal by the government from the district court's order permitting Scott Krantz to remain free on bond pending sentencing following his plea of guilty to one count of transporting child pornography in violation of 18 U.S.C. §§ 2252(a)(1) and 2252(b)(1) and one count of possessing child pornography in

violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). These violations subject Krantz to a mandatory minimum sentence of at least five years' imprisonment and a maximum sentence of thirty years' imprisonment.

Following the entry of Krantz's guilty plea, the government moved for detention pursuant to 18 U.S.C. § 3143(a)(2). Krantz sought continued release pending sentencing, pointing to his three tours of duty with the military in Iraq and Afghanistan and his position as night nurse at his place of employment as circumstances that justified his continued release on bond pending sentencing.

The government resisted the request, arguing that Krantz's plea of guilty to Count 1 of the indictment mandated his detention and that the reasons he advanced for his continued release were not exceptional.

The district court acknowledged the strength of the government's argument, but allowed Krantz to remain free pending sentencing, stating in part that "the court is not going to detain you based primarily on the fact that if you spent three years in the service overseas . . . this court is persuaded that you ought to be given that consideration."

In the absence of "exceptional reasons," or the exceptions described in § 3143(a)(2), 18 U.S.C. § 3145(c) requires a district court to order the defendant's detention pending sentencing on a violation of §§ 18 U.S.C. 2252(a)(1) and 2252(b)(1).

Our case law has defined "exceptional reasons" as "clearly out of the ordinary, uncommon or rare." See United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004) (per curiam), quoting United States v. Koon, 6 F.3d 561, 563 (9th Cir. 1993). See also United States v. Schmitt, 515 Fed. Appx. 646 (8th Cir. 2013); United States v. Nickell, 512 Fed. Appx. 660 (8th Cir. 2013); United States v. Mahoney, 627 F.3d 705

(8th Cir. 2010 (per curiam); United States v. Little, 485 F.3d 1210 (8th Cir. 2007) (per curiam); United States v. Larue, 478 F.3d 924 (8th Cir. 2007) (per curiam).

Without question, Krantz's service to the Nation has indeed been laudable. Together with many other fellow members of our military, he has served multiple tours of duty in areas of extreme danger and peril. That service has earned him our country's gratitude, but we conclude that it does not constitute an exceptional reason why he should not be detained pending sentencing on the offenses he committed following his return to this country.

Accordingly, the order permitting Krantz to remain free on bond pending sentencing is reversed, and the case is remanded to the district court with directions that Krantz be taken into custody immediately. Mandate to issue forthwith.

_____