**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

EUGENE VELARDE,

Defendant - Appellee.

No. 14-8003
(D.C. No. 1:13-CR-00160-NDF-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **PHILLIPS**, Circuit Judges.

The government appeals from an order, currently stayed, for the release of

Eugene Velarde pending sentencing for his conviction of conspiracy to possess with

intent to distribute, and to distribute, over 500 grams of methamphetamine in

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Because Mr. Velarde has not

demonstrated exceptional circumstances warranting his release, we reverse.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Velarde's drug offense, committed while he was on probation for prior convictions, entails a mandatory sentence of ten years to life. Consequently, it triggers operation of 18 U.S.C. § 3143(a)(2), *see id.* § 3142(f)(1)(C), requiring detention pending imposition of sentence unless one of two exceptions is applicable. Neither applies here. First, because there is no likelihood of an acquittal or new trial being granted (indeed, there are no motions for such relief even pending[1]) nor is there a government recommendation for a sentence short of imprisonment, the exception to detention in § 3143(a)(2)(A) is inapplicable.

That leaves the provision in 18 U.S.C. § 3145(c) permitting release if (1) it is shown by clear and convincing evidence that the defendant is neither a flight risk nor a danger to the community *and* (2) "clearly shown that there are exceptional reasons why such person's detention would not be appropriate." *Id.*; *see United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997) (discussing § 3145(c)). The statutory reference to *exceptional* reasons has real substance; circumstances that do not extend beyond the ordinary provide no basis for release under § 3145(c). *See United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007); *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004); *United States v. Wages*, 271 F. App'x 726, 727-28 (10th Cir. 2008).

---

[1] We note that Mr. Velarde has recently sent a pro se letter to the district court asking whether it is too late to file motions for post-judgment relief (absent discovery of new evidence, it is, *see* Fed. R. Crim. P. 29(c), 33(b), and 34(b)). Even if this letter were construed as a post-judgment motion itself, it would not demonstrate the likelihood of an acquittal or new trial being granted as it asserts no grounds, let alone persuasive grounds, to support the grant of such relief.

Whether such exceptional reasons have been shown is a matter we review de novo. *Kinslow*, 105 F.3d at 557.

The only reason offered by Mr. Velarde for his release was that "[t]here's just a few matters I've got to take care of," by which he was evidently referring to family and business affairs.[2] App. at 72. There is nothing exceptional in that; indeed, if there were, virtually every defendant could invoke § 3145(c) simply by postponing efforts to arrange personal affairs until sentencing was imminent. Mr. Velarde cites no authority for this untenable proposition. Rather, "the cases establish that mere personal reasons, including caring for a family or gainful employment, are not 'exceptional.'" *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (collecting cases); *see also Larue*, 478 F.3d at 925 (holding defendant's "payment of child support, and his ongoing employment are commendable, but they are not clearly out of the ordinary, uncommon, or rare" so as to qualify as exceptional under § 3145(c) (internal quotation marks omitted)). The reasoning of these cases is straightforward: "[P]ersonal and familial hardship and disruption to an individual's educational or professional affairs are the natural, if unfortunate, consequences of finding oneself at the mercy of the criminal justice system. It is therefore no surprise

---

[2] Mr. Velarde has not elaborated on these affairs or detailed how they would be affected if he is not released to "take care" of them. We also note that he was not confined for nearly five months leading up to trial (when his pretrial release was revoked for illegal substance abuse).

that most courts have rejected these hardships as providing an exceptional reason."

*United States v. Christman*, 712 F. Supp. 2d 651, 656 (E.D. Ky. 2010).

The order for Mr. Velarde's release is reversed.

Entered for the Court
Per Curiam