FILED
United States Court of Appeals
Tenth Circuit

June 19, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

DANIEL HOSIER,

Defendant - Appellee.

No. 15-3107
(D.C. No. 6:14-CR-10060-JTM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **EBEL**, and **MORITZ**, Circuit Judges.

The Government appeals the district court's order continuing the release of

defendant Daniel Hosier pending his sentencing on July 13, 2015, for the crimes of

distribution and possession of child pornography. We have jurisdiction pursuant to

18 U.S.C. § 3731. Because the district court's determination failed to comply with

the statutory detention scheme, we reverse the district court's order.

---

[*]      This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.

Hosier was convicted by a jury on April 22, 2015, of one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Immediately following the jury's verdict, the district court scheduled Hosier's sentencing hearing for July 13, 2015. It then stated, "Mr. Hosier, you have been compliant with the terms of your release and I do intend to keep you on bond through your sentence." Aplt. App. at 29. When the government requested an opportunity to be heard on the issue, the district court responded, "No. No, I know you're going to tell me it's mandatory but I'm not going to. . . . And you can appeal it if you want to." *Id.*

## II.

The Mandatory Detention Act of 1990 requires that defendants who are found guilty of certain categories of offenses must be detained pending sentencing, with three exceptions. *See* 18 U.S.C. § 3143(a)(2).[1] All three exceptions require an initial finding "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also id.* § 3145(c) (requiring defendants subject to detention under § 3143(a)(2) to meet the conditions of release in § 3143(a)(1)). Under the first exception, a defendant may

---

[1] Hosier does not dispute that his child pornography convictions qualify as violent felonies, making him subject to mandatory detention pending sentencing under § 3143(a)(2), absent an applicable exception.

be released if "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143(a)(2)(A)(i). Second, a defendant may be released if "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." *Id.* § 3143(a)(2)(A)(ii). The third exception provides, in pertinent part:

> A person subject to detention pursuant to section 3143(a)(2) . . . , and who meets the conditions of release set forth in section 3143(a)(1) [unlikely to flee or pose a danger] . . . , may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

*Id.* § 3145(c).

## A.

Hosier concedes that the first two exceptions do not apply in this case. No judicial officer has found a substantial likelihood that a motion for acquittal or a new trial will be granted. Nor has the government recommended against a sentence of imprisonment. Rather, the mandatory minimum sentence on Hosier's conviction for distribution of child pornography is five years' imprisonment. *See* 18 U.S.C. § 2252(b)(1). Thus, only the "exceptional reasons" exception in § 3145(c) is potentially relevant to Hosier's case. We say that this section is *potentially* relevant because it is not clear that the district court intended to make a determination of exceptional reasons under § 3145(c). The district court did not cite that section as the basis for its ruling or state that it found exceptional reasons why Hosier's detention

pending sentencing would not be appropriate. But for purposes of the government's appeal, we will assume that was the court's intent.

"Whether the particular circumstances of a case satisfy a prescribed statutory standard, such as 'exceptional reasons,' presents a mixed question of law and fact." *United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997) (per curiam). "[W]e review de novo the district court's determination . . . [of] an 'exceptional reason' justifying . . . release, while accepting the district court's findings of fact which support that determination, unless 'clearly erroneous.'" *Id*.

### B.

The government does not challenge the district court's sole finding in support of its determination: that Hosier had been compliant with the terms of his release pending trial. The government contends that finding is insufficient to support a determination under § 3145(c) that there are exceptional reasons why Hosier's detention pending sentencing would not be appropriate.

"[E]xceptional means clearly out of the ordinary, uncommon, or rare." *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (per curiam) (internal quotation marks omitted). "[A] wide range of factors may bear upon the analysis." *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003). And a district court has "broad discretion . . . to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct." *Id.* (internal quotation marks omitted). But the question is "whether, due to any truly

- 4 -

unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released . . .) it would be unreasonable to incarcerate the defendant" pending sentencing. *Id.* at 1019.

Hosier argues that the district court was not required to utter the magic words "exceptional reasons" or cite § 3145(c) as the basis for its ruling, as long as exceptional reasons had been clearly shown. He maintains further that the district court *necessarily* made a finding of exceptional reasons when it took the extraordinary step of granting him release pending trial based on a finding that he overcame the presumption against release in 18 U.S.C. § 3142(e)(3)(E). Hosier argues that the district court was therefore not required to re-articulate the grounds supporting that previous exceptional-reasons finding in making its determination to continue his release pending sentencing. Ultimately, Hosier asserts that the district court "readily concluded that the factors considered at the initial detention hearing coupled with the evidence heard at trial along with his compliance merited his release under 18 U.S.C. [§] 3145(c)." Aplee. Br. at 6. We disagree on all points.

First, we reject Hosier's assertion that the district court need not make factual findings in support of its determination under § 3145(c). The case he relies on for this proposition is inapposite. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199-1202 (10th Cir. 2007) (holding that the plain language of 18 U.S.C. § 3553(c) requires a court to provide only a general statement of the reasons for imposing a

sentence that is within the applicable Guidelines range). While § 3145(c) itself does not expressly direct the district court to do so, our standard of review presupposes that a court will make factual findings regarding its exceptional-reasons determination. *See Kinslow*, 105 F.3d at 557. Hosier cites no authority holding otherwise.

Second, the district court's previous ruling releasing Hosier pending trial cannot substitute for a determination under § 3145(c) that there are exceptional reasons why Hosier's detention pending sentencing would not be appropriate. To obtain release pending trial, Hosier had to rebut a presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Release pending sentencing pursuant to § 3145(c) requires two showings. *See Kinslow*, 105 F.3d at 557. Initially there must be "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). But *in addition* the defendant must clearly show "exceptional reasons why [his] detention would not be appropriate." *Id.* § 3145(c). Thus, the district court did not *necessarily* make an exceptional-reasons determination when it granted Hosier release pending trial.

Finally, Hosier mischaracterizes the district court's sole finding supporting its exceptional-reasons determination. The court stated only that Hosier's release would continue pending sentencing because he had been compliant with the terms of his

pretrial release.  It did not, contrary to Hosier's assertion, mention any other factor or rely in any way on evidence presented at trial.  And we agree with the government that Hosier's compliance with the terms of his pretrial release does not, by itself, qualify as an exceptional reason why his detention pending sentencing would be inappropriate.  *See United States v. Mahoney*, 627 F.3d 705, 706 (8th Cir. 2010) (per curiam) ("It is well settled that compliance with the terms of pretrial release is commendable but does not justify release under section 3145(c).").  Again, Hosier does not cite any authority holding otherwise.

## *III.*

The district court's order continuing Daniel Hosier's release pending sentencing is reversed and this matter is remanded to the district court for further proceedings consistent with this order and judgment.

Entered for the Court
Per Curiam