**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 3, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LOS ROVELL DAHDA,

    Defendant - Appellant.

No. 19-3099
(D.C. No. 2:12-CR-20083-KHV-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Los Rovell Dahda appeals the district court's denial of his pro se Motion for

Immediate Release pending his re-sentencing.  Exercising jurisdiction pursuant to

28 U.S.C. § 1291, we affirm the denial of his motion.

Dahda was charged in 2012 with multiple drug-related counts including

maintaining a drug involved premises, and conspiring to do so, in violation of

21 U.S.C. § 856 and 18 U.S.C. § 2.  Dahda's brother, Roosevelt Dahda, was a

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

co-defendant in the same criminal case. *United States v. Dahda*, 853 F.3d 1101, 1105 n.1 (10th Cir. 2017). The district court ordered Dahda to be detained pending his trial after finding that he posed a serious flight risk "in terms of not being reasonably amenable to supervision," and that "no condition or combination of conditions [would] reasonably assure the safety of the community." Aplee. Bail Mem. Br., Attach. A at 1.

Dahda was ultimately convicted on 15 counts. *Dahda*, 853 F.3d at 1106. The district court sentenced him to concurrent terms of 189, 60, and 40 months' imprisonment. Supp. App., Vol. 1 at 664. On appeal, this court affirmed Dahda's convictions. *Dahda*, 853 F.3d at 1105. We also affirmed his 189-month prison sentence on count one, which charged a conspiracy involving 1,000 kilograms or more of marijuana (the only sentence that Dahda challenged on appeal). *Id.* at 1105-06, 1116. But we vacated the almost $17 million fine imposed by the district court because it exceeded the statutory maximum, and we remanded for reconsideration of the amount of the fine. *Id.* at 1118.[1]

On remand, the district court granted Dahda's motion to proceed pro se. The court also directed the parties to file memoranda regarding the scope of the remand. In addition to recalculating his fine, Dahda argued that (1) the district court should recalculate the drug quantity attributable to him in light of this court's ruling in his

---

[1] Addressing a wiretap issue unrelated to this appeal, the Supreme Court affirmed this court's judgment in *Dahda v. United States*, 138 S. Ct. 1491, 1494, 1500 (2018).

brother's appeal, and (2) due to the absence of a jury finding on attributable drug quantity, the court should resentence him based on the five-year statutory maximum applicable to a drug offense involving less than 50 grams of marijuana, in accordance with *United States v. Ellis*, 868 F.3d 1155 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 1038 (2018).

Dahda also filed a Motion for Immediate Release, in which he sought release from custody under 18 U.S.C. § 3145(c) pending his re-sentencing. He acknowledged in his motion that he "must meet the conditions of release required of any convicted person under [18 U.S.C.] § 3143(a)(1) . . . and . . . must demonstrate exceptional reasons why detention would not be appropriate." Aplee. Bail Mem. Br., Attach. B at 1. As to the exceptional reasons supporting his release, Dahda argued that, under *Ellis*, the maximum sentence the district court could impose for count one at his re-sentencing is five years' imprisonment. Dahda therefore sought his immediate release because he had already served almost seven years. As to the conditions for release set forth in § 3143(a)(1), Dahda stated only that he "can establish he is not likely to flee or to pose a danger to the safety of any other person or the community" if released. *Id.* at 5.

The district court agreed with Dahda that the scope of the remand was not limited to recalculating his fine. But it denied his Motion for Immediate Release. The court was not persuaded that he demonstrated exceptional reasons for his release on the basis that he would be subject to a five-year maximum sentence upon re-sentencing. *See* Aplee. Bail Mem. Br., Attach. C at 3-5. In particular, the court

3

held that, even under the reasoning in *Ellis*, a five-year statutory maximum sentence would not apply because the jury found Dahda guilty of maintaining a drug-involved premises, and conspiring to do so, both of which are offenses that carry a statutory maximum penalty of 20 years' imprisonment. *Id.*, Attach D. at 8-9. The district court made no explicit findings regarding whether Dahda meets the conditions for relief set forth in § 3143(a)(1).

Appearing pro se, Dahda appeals the district court's denial of his Motion for Immediate Release pending his re-sentencing.[2] "[A]ppellate review of detention or release orders is plenary, at least as to mixed questions of law and fact, and independent, with due deference to the trial court's purely factual findings." *United States v. Cook*, 880 F.2d 1158, 1160 (10th Cir. 1989).

A district court has the authority to release a defendant pending sentencing under the "exceptional reasons" provision of 18 U.S.C. § 1345(c). *United States v. Jones*, 979 F.2d 804, 806 (10th Cir. 1992) (per curiam). To obtain release under that section, a defendant must both meet the conditions set forth in § 3145(a)(1) *and* make "a clear showing of exceptional reasons why his detention would not be appropriate." *United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997) (per curiam).

Although the district court focused on rejecting Dahda's "exceptional reasons" argument, we affirm the denial of his motion for release on the alternative basis that

---

[2] In his appeal brief, Dahda references the standard for obtaining release pending appeal, *see* 18 U.S.C. § 3143(b), but he has not moved for that relief in this court.

he failed to demonstrate that he meets the conditions for release in § 3143(a)(1). Dahda contends, without citation to authority, that the burden of persuasion regarding risk of flight and danger to the community always remains with the government. But in this context, where he sought release pending sentencing under § 3145(c), Dahda "was required to show, by clear and convincing evidence, that he was not likely to flee or pose a danger to the safety of any other person or the community if released," *Kinslow*, 105 F.3d at 557 (internal quotation marks omitted). Yet Dahda offered no evidence supporting such a finding in his Motion for Immediate Release, in which he made only a conclusory assertion that he can establish these factors. On appeal, he points us to the evidence presented at his initial detention hearing. But the district court ordered him detained pending trial, finding that he posed a serious flight risk and that no conditions would reasonably assure the safety of the community.

Dahda cannot secure release pending his re-sentencing "*unless*" the district court finds by clear and convincing evidence that he meets the conditions in § 3143(a)(1). The district court made no such finding here—nor could it have based upon Dahda's patently deficient motion. We therefore affirm the district court's denial of Dahda's Motion for Immediate Release. We also deny Dahda's motion to consolidate this appeal with his separate appeal in Case No. 19-3114.

Entered for the Court
Per Curiam

5